### Austin J. Morse & another *vs.* George H. Wheeler.

A contract by an infant, if ratified by him after he becomes of age, is valid, although at the time of the ratification he did not know that he was not legally liable to pay the debt.

Contract to recover the balance due on a purchase of cattle made of the plaintiffs by the defendant, who was an infant at the time of the purchase.

At the trial in the superior court, there was evidence tending to show that the defendant, after becoming of age, promised to pay the balance due to the plaintiffs; and *Ames,* J. instructed the jury that if they believed this evidence the plaintiffs were entitled to recover. The defendant requested that this instruction might be qualified, by adding that the plaintiffs were entitled to recover, " provided the defendant knew at the time of such alleged new promise that he was not legally liable to pay the debt." The judge declined to add this qualification, but stated that, as the defendant was of full age at the time of the alleged ratification, he must be presumed to know his legal liabilities and privileges, and could not avail himself of a mistake of law on his part.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*C. A. Holbrook,* for the defendant.

*T. L. Nelson,* (*D. Foster* with him,) for the plaintiffs.

Metcalf, J. This case brings before the court, for the first time, the question whether it is necessary to the ratification of

an infant's promise, after he is of full age, that he should know, when he makes the new promise, that he is not legally liable on the other. It is said in numerous books that such knowledge is necessary to such ratification. But we are all of opinion that it is not necessary, either on principle or authority.

It is a long established legal principle, that he who makes a contract freely and fairly cannot be excused from performing it by reason of his ignorance of the law when he made it. 2 Kent Com. (6th ed.) 491, *note.* 1 Story on Eq. § 111. If, however, an exception to the application of that principle to a case like this has been authoritatively made, the defendant is entitled to the benefit of it. But we do not find that such an exception has ever been made by any judicial decision, unless it be in a case in Pennsylvania reported in 3 Barr, 428. The notion of such an exception had its origin in the opinion of Lord Alvanley, as reported in the case of *Harmer* v. *Killing*, 5 Esp. R. 102. That was an action for goods sold and delivered, to which there was a plea of infancy, and a replication of a promise after full age. The evidence was, that the defendant, after he attained full age, on payment being demanded of him, and on being threatened with an arrest, promised to give his note for the goods, but afterwards refused to give it. Lord Alvanley said that the defendant " might bind himself by a new promise after he obtained his full age, but that he held that such promise must be voluntary, and given with knowledge that he then stood discharged by law; that where an infant, under the terror of an arrest, had a promise extorted from him, or where it was given ignorant of the protection which the law afforded him, he should hold that he was not bound to it. If therefore the jury should be of opinion that the facts were that this promise was so obtained, he should direct them to find for the defendant." But, as no evidence was given, nor question made, concerning the defendant's knowledge of his rights, it is manifest that the only adjudged point in the case was, that his promise was made under duress *per minas* — threats of unlawful imprisonment — and that he might avoid it for that reason. (See *Inhabitants of Whitefield* v. *Longfellow*, 13 Maine, 146 ; 1 Parsons on Con.

(3d ed.) 320.) That case was first published in 1807. And the *obiter dictum*, as well as the adjudicated point in the case, has been transferred into most of the books of a later date, English and American, which treat of the ratification of an infant's contract. Yet we have found no case in the English reports in which the question has been raised, whether it is necessary to the ratification of such contract that the new promise should be made with knowledge that the party was not legally liable on his original contract. And we find only one instance in which an English judge is reported to have expressed an opinion that such knowledge is necessary. According to the report of the case of *Mawson* v. *Blane*, in 26 Eng. Law & Eq. R. 560, Baron Martin said that " a ratification is an undertaking by a person after he becomes of full age, and expresses that, notwithstanding he is aware that the contract, which he entered into when an infant, is void, he nevertheless is willing to affirm it and treat it as valid." So much of this *dictum* as recognizes the necessity of a party's knowledge that he is not bound by his contract made during infancy, in order to make his new promise a legal ratification, was extrajudicial, and is not contained in his opinion in the same case, as reported in 10 Exch. 212.

In the courts of our own country, we are aware of only one case, besides the present, in which counsel ever raised the question now before us. In *Taft* v. *Sergeant*, 18 Barb. 320, the defendant's counsel contended that his new promise was not a ratification, because there was " nothing to show that, at the time it was made, he knew that he was not liable by reason of his infancy." The decision of the court was, like the ruling at the trial of the present case — not that such knowledge was necessary, but that the defendant was " presumed to know the law."

Still, there are cases in the state courts, in which judges have cited, with apparent approval, the position advanced by Lord Alvanley — citing the case of *Harmer* v. *Killing*. In other cases, judges have advanced the same position, without referring to any authority. See *Smith* v. *Mayo*, 9 Mass. 64 ; *Ford* v. *Phillips*, 1 Pick. 203 ; *Thing* v. *Libbey*, 16 Maine, 57 ; *Curtin* v.

*Patton,* 11 S. & R. 311; *Reed* v. *Boshears,* 4 Sneed, (Tenn.) 118; *Norris* v. *Vance,* 3 Rich. (S. C.) 168. In no one of these cases was a decision of that point necessary, and they were all decided on other grounds. The decision, however, of the supreme court of Pennsylvania, in the unreasoned case of *Hinely* v. *Margaritz,* 3 Barr, 428, affirming the judgment of the court of common pleas, seems necessarily to affirm the *obiter dictum* of Lord Alvanley, which had before been extrajudicially recognized by Duncan, J., in *Curtin* v. *Patton.* But, with our views of the law, already stated, we cannot adopt that decision for our guidance.

Even if it had been *adjudged,* in 5 Esp. R. 102, that knowledge of an infant's rights was necessary to the ratification of his contracts after he comes of age, such judgment would have been virtually overruled by the numerous cases decided since, in which the requisites of a ratification have been judicially stated, without mention of such knowledge. And if such knowledge be necessary to the ratification of an infant's contract, by a new promise after coming of age, why is it not necessary in those cases of ratification, not by promise, but by acts done or omitted? We see no difference in principle between the cases.

It may not be wholly useless to say, that in Selwyn's Nisi Prius, Roscoe on Evidence, and Addison on Contracts, the case of *Harmer* v. *Killing* is cited only to the point there adjudged, to wit, that a ratifying promise must be voluntary and not extorted, omitting the extrajudicial *dictum.* See also Ram on Legal Judgment, *c.* 5 — " Of Dicta expressed on the Bench."

*Exceptions overruled.*