## ROBINSON v. COULTER.

### (*Knoxville.* November 12, 1891.)

1. INFANT. *Deed of, void without consideration.*

   Infant's deed, conveying his lands without any, or upon a mere nominal, consideration, is absolutely void, and invests his vendee with no title whatever.

   Cases cited: Wheaton v. East, 5 Yer., 41; McMinn v. Richmonds, 6 Yer., 9; McGan v. Marshall, 7 Hum., 121; Langford v. Frey, 8 Hum., 446; Scott v. Buchanan, 11 Hum., 467; Barker v. Wilson, 4 Heis., 268; Swofford v. Ferguson, 3 Lea, 292.

2. COVENANT OF SEIZIN. *What constitutes breach of.*

   The covenant of seizin in a deed for land is broken where the vendor had, at date of the conveyance, no other claim to the land than that conferred upon him by the quitclaim deed of an infant based upon no valuable consideration.

   Case cited: White v. Flora, 2 Overton, 431.

3. SAME. *Title good in part and bad in part.*

   If the deed purport to convey the entire estate, and the title fails as to an undivided interest therein, the vendee may elect to treat the covenant of seizin as broken *in toto.*

   Case cited: Kincaid v. Brittain, 5 Sneed, 121.

---

### FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. P. B. MAYFIELD, Sp. Ch.

45—6 p

LEWIS SHEPHERD and SPURLOCK & LATIMORE for Robinson.

BARR & McADOO for Coulter.

SNODGRASS, J. Complainant sold to defendant a tract of land containing six hundred and forty acres at the price of $10,000, taking in payment therefor property at an agreed valuation. Among the property so taken was a lot in the city of Chattanooga, on Magazine Street, valued at $4,000. The defendant executed to complainant a warranty deed for this lot, covenanting that he was seized in fee thereof, and had a good right to convey it. The deed was executed February 23, 1888.

This suit is to recover damages to the amount of the value of the lot on account of breach of covenant of seizin. The Chancellor decreed in favor of complainant, and defendant appealed.

The only error assigned material to be noticed is that respecting this covenant. It is insisted that it was not broken. The facts on this point are these: Coulter's title was derived through one Cady, who had purchased the lot of Mrs. Julia Bradt, in 1882. At the time of this purchase by Cady and conveyance by Mrs. Bradt the legal title was in her children by descent from Morris Bradt, her deceased husband. There were six of these children, all minors. On December 16, 1887, these children joined their mother in another deed to Cady. In this they recited the former deed of

Mrs. Bradt; that it was a warranty deed, and that her vendee had conveyed, and that they are desirous of protecting their mother; and add that in consideration of the premises and the sum of one dollar paid they quitclaim the property to Cady.

Five of the children joining in this deed were minors. One of these has since, on coming of age, conveyed to Coulter. The other four have made no other conveyance, and unless the deed of December 16, 1887, conveyed their interest, they still own four-sixths of the lot in controversy. The material question, therefore, is the legal effect of this deed. If it is a *voidable* deed merely, as insisted by defendant—one which no one has a right to avoid but the minors after arrival at age —it vested their interest in their vendee, Cady, and that interest subsequently passed to the defendant. In this event the covenant of seizin was not broken when made, because a *voidable* deed is one which passes the title of the vendor, and, while it remains in force, is a valid conveyance, and vests in the vendee a title in fee the character of estate of which he covenants that he is seized. *Pollard et al.* v. *Dwight,* 4 Cranch., 431 (Lawyers' Co-operative Ed., p. 669); *White* v. *Flora et al.,* 2 Overton 431.

If the deed was *void* it passed no title, and, therefore, as to two-thirds of the land, the defendant was never seized in fee, and the covenant was breached as soon as made.

The question in this State is settled. The rule governing the contracts of minors, long established, is that they are either void, voidable, or valid, according as they shall appear prejudicial, uncertain, or beneficial. If to his benefit—as for necessaries—they are valid; if of an uncertain character as to benefit or prejudice, they are voidable only at his election after coming of age. *Wheaton* v. *East*, 5 Yer., 41; *McMinn* v. *Richmonds*, 6 Yer., 9; *McGann* v. *Marshall*, 7 Hum., 121; *Langford* v. *Frey*, 8 Hum., 446; *Scott* v. *Buchanan*, 11 Hum., 467.

The cases above referred to in 5 Yerger, 7 Humphreys, and 11 Humphreys were cases of conveyance of land, absolutely and in mortgage, for a valuable consideration, and these and all such deeds held to be voidable only at the minor's election after arrival at age.

To the same effect is *Barker* v. *Wilson*, 4 Heis., 268.

In the 11 Humphreys case it was shown that this was the rule as to the minor's conveyance of *land;* but that a different rule prevailed as to his voidable conveyance of personalty, which he might avoid during infancy. (Page 473.) And in the case in 7 Humphreys it was said that the Court cannot look outside the face of the deed to determine whether the deed was void or voidable, but the question must be settled as it there appeared. (Pages 125, 126.)

These were instances where a valuable consider-

ation appeared to. have passed, and the deeds were held voidable only.

The question came collaterally in issue in the 8 Humphreys case. There a witness had *released* his interest in an estate in order to remove objection to his competency. In the testimony it was disclosed that he was a minor, and the Court held the release absolutely *void*, and the witness was held to be incompetent.

Finally, the direct question arose on a void deed, and the Court held that a deed where minors, without consideration, quitclaimed their interest in the land of a deceased sister to her surviving husband—who had paid for the land and given it to her—was absolutely void; and they were permitted to release it during infancy—a right which would have been denied them had the deed been merely voidable. *Swofford* v. *Ferguson*, 3 Lea, 292. This case was cited and approved, and the rule again asserted, in *Scobey* v. *Waters*, 10 Lea, 557. It is, therefore, settled by a long line of decisions in this State, that such a deed as that we are considering—a minor's release and quitclaim without consideration—is absolutely void.

It follows, of course, their deed being void, their title to four-sixths of this land had not been conveyed to Cady, and never passed to defendant in subsequent conveyance.

The complainant had the right to elect to treat this as an entire failure of title, and is entitled to recover the full value of the lot, the effect of

such decree revesting title in the defendant, who will also be entitled to restoration of possession and reconveyance. *Kincaid* v. *Brittain*, 5 Sneed, 121–125.

The decree is affirmed with cost.