JESSE E. BARLOW

v.

CHARLES F. ROBINSON.

Opinion filed June 18, 1898—Rehearing denied October 6, 1898.

1. REAL PROPERTY—possession of land is notice of possessor's rights. Possession of land under a bond for deed executed by the vendor during infancy is notice to subsequent purchasers, not only of the existence of the bond, but of any acts in affirmance thereof done by the vendor after attaining majority.

2. RATIFICATION—what sufficient to show intention to ratify deed made in infancy. Evidence that the vendor in a bond for deed made during her infancy told the vendee, after attaining majority, that she intended to perform her part of the contract if he carried out his part, and that she subsequently requested an advance payment, which the vendee was unable to make, sufficiently shows the vendor's intention to ratify the contract.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN J. GLENN, Judge, presiding.

CHIPERFIELD, GRANT & CHIPERFIELD, for appellant:

An infant cannot affirm or disaffirm his deed during his minority. Zouch v. Parsons, 3 Burr. 1794; Chandler v. Simmons, 97 Mass. 508; Sims v. Everhardt, 102 U. S. 300; Bool v. Mix, 17 Wend. 119; Shipley v. Bunn, 28 S. W. Rep. 754; Cummings v. Powell, 8 Tex. 80; Kilgore v. Jordan, 17 id. 341; Welch v. Bunce, 83 Ind. 382; Armitage v. Widoe, 36 Mich. 124; Singer Manf. Co. v. Lamb, 81 Mo. 221; Emmons v. Murray, 16 N. H. 385; Hastings v. Dollarhide, 24 Cal. 195.

There is this difference between an executed and an executory contract of an infant: his executed contract is binding until it is avoided, whereas his executory contract is without binding force until it is confirmed. Beach on Contracts, par. 1344, and authorities cited.

One may disaffirm a deed made during infancy by any act done after coming of age which is inconsistent with such a deed, so that the two cannot properly stand together. Illinois Land Co. v. Beem, 2 Ill. App. 390; Eureka

*Co.* v. *Edwards*, 71 Ala. 248; *Bagley* v. *Fletcher*, 44 Ark. 153; *Mustard* v. *Wohlford*, 15 Gratt. 329; *Long* v. *Williams*, 74 Ind. 115; *Law* v. *Long*, 41 id. 586; *Allen* v. *Poole*, 54 Miss. 323.

A deed of an infant may be avoided by his absolute sale after he is of age, and conveyance of the same land to a third person. *Chapin* v. *Shafer*, 49 N.Y. 407; *Black* v. *Hills*, 36 Ill. 376; *Serey* v. *Hunter*, 81 Tex. 644; *Mustard* v. *Wohlford*, 15 Gratt. 329; *Prout* v. *Wiley*, 28 Mich. 164; *Dixon* v. *Merritt*, 21 Minn. 196.

A disaffirmance may be within a reasonable time. *Illinois Land Co.* v. *Bonner*, 75 Ill. 315; *Black* v. *Hills*, 36 id. 376; *Blankenship* v. *Stout*, 25 id. 132; *Tunison* v. *Chamblin*, 88 id. 378; *Cole* v. *Pennoyer*, 14 id. 158; *Keil* v. *Healey*, 84 id. 104.

KINSEY THOMAS, for appellee:

Any distinct and decisive act of recognition, as a valid and subsisting contract, is competent evidence of a ratification of it. *Howe* v. *Howe*, 99 Mass. 98.

A deed will be confirmed by any deliberate act after majority by which the infant takes a benefit or recognizes its validity. 10 Am. & Eng. Ency. of Law, 650, note 1; *Irwin* v. *Irwin*, 9 Wall. 617; *McCormick* v. *Leggett*, 8 Jones' L. 425; *Scott* v. *Buchanan*, 11 Humph. 468; *Phillips* v. *Green*, 5 B. Mon. 344.

Acts of the infant after arriving at full age, inconsistent with the assertion of the privilege or which fairly indicate that he intends to ratify the deed, will prevent him from disaffirming the conveyance. 10 Am. & Eng. Ency. of Law, 649, 650, and authorities cited.

If an infant, after coming of age, does any act clearly showing an intention to affirm a contract made by him during his minority, he cannot afterward repudiate it. *Curry* v. *St. John Plow Co.* 55 Ill. App. 82, and cases cited.

Where the contract is executory on the infant's part, and he retains the consideration or has parted with it after he has reached his majority, he will be held to have ratified the contract. 10 Am. & Eng. Ency. of Law, 654.

A ratification once validly made of a contract entered into by a party while an infant, is binding upon him, and cannot be disaffirmed. 18 Am. State Rep. 701; *Watkins* v. *Stevens*, 4 Barb. 168; *Hunt* v. *Massey*, 5 B. & A. 902; *West* v. *Renny*, 16 Ala. 187; *Stern* v. *Freeman*, 4 Metc. 309.

Ratification is a question of intention, to be inferred from the conduct or words of the party ratifying. 18 Am. State Rep. 704; *McCarty* v. *Carter*, 49 Ill. 56.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was ejectment brought by the appellant against the appellee. The declaration alleged appellant was the owner in fee and entitled to the possession of a certain described part of the south-west quarter of section 32, township 8, north, range 2, east, in Fulton county, and that appellee unlawfully withheld the possession thereof from him. A trial before the court, the intervention of a jury being waived by the parties, resulted in a finding and judgment for the defendant, the appellee.

The parties claim title from a common source, viz., the title which rested in one Cora B. Vandecar, afterward Cora B. Lewis. On the 24th day of November, 1894, the said Cora B. Vandecar contracted to sell the land in question to the appellee, and executed a bond obligating herself to convey the same to him when certain deferred payments specified in the bond should have been made by the appellee, who made a cash payment and at once entered into actual possession under the bond. At the time of the execution of the bond the said Cora had not arrived at her majority. Subsequently, and while yet a minor, she intermarried with one E. C. Lewis. She arrived at the age of eighteen years on the 5th. day of December, 1895. On the 14th day of January, 1896, she and her husband executed and delivered to the appellant a warranty deed purporting to convey to him the premises in question. Appellee was then in the actual and open possession of the premises, holding the same under the

bond for a deed, executed, as before mentioned, by the said Cora B. Vandecar, now Lewis.

Appellee contended that the said Cora, after she arrived at the age of eighteen years and before she executed the deed to appellant, ratified and confirmed the sale of the land to him, and recognized and acknowledged the bond executed during her minority to be a valid and subsisting contract. The contract and bond of the said Cora was voidable only,—not void,—and became valid and effectual if ratified and affirmed by her after reaching her majority.

The appellee was in the open and actual possession of the land when the appellant received the deed from the said Cora B. Lewis. It is familiar law the appellant was bound to inquire as to the rights and interests of appellee in the land, and he is chargeable with notice and knowledge of all facts relating to the title which he might have ascertained had he made such inquiry. The possession of the appellee operated to charge the appellant not only with notice of the execution of the bond for a deed, but also with notice of any act of ratification or affirmance thereof. *Morrison* v. *Kelly,* 22 Ill. 609; *Metropolitan Bank* v. *Godfrey,* 23 id. 531; *Truesdale* v. *Ford,* 37 id. 210; *Black* v. *Hills,* 36 id. 376; *Flint* v. *Lewis,* 61 id. 299; 16 Am. & Eng. Ency. of Law, 800.

The appellee was not in default in the performance of any of the obligations of the contract set forth in the bond, and if the bond was affirm` and ratified by the said Cora after she arrived a`  najority and before she conveyed to appellant, `  .d, its affirmance and the possession of the appe`  ⸗nstituted a complete defense to the action of ej`  .nent. The contention is then reduced to the single  .estion whether the said Cora, after she became of `  and before she made·the conveyance to the appellant, ratified and affirmed the contract and bond entered into while she was a minor.

The appellee testified that after the said Cora arrived at her majority he heard that appellant was endeavoring to get her to convey the land to him, and that he (appellee) went to see her for the purpose of ascertaining whether she intended to abide her contract with him; that he met her and said to her: " 'This is that bond for a deed; are you going to stand by your agreement and make me a deed when the time comes?' She said, 'I will do it, but I would like to have some money.' I said, 'All right; there will be some money due on the 5th day of December next; if you need the money now I will advance that to you ahead.' She said, 'I will be down to your place within a week; Ted (her husband) and I will be down and we will fix the whole matter up.' " It was proven that within one week from that time said Cora wrote the following letter to appellee and sent it to him by her husband, viz.:

"BERWICK, ILL., *Dec. 31, '95.*
"*Mr. C. F. Robinson, Ellisville, Ill.:*·
"Will you please let Ted have $550? It will be a great accommodation, as I want the money very much.

CORA B. LEWIS."

Appellee testified he offered to advance a smaller sum on the first of March thereafter, and the husband said that would do and went away.

The version of Mrs. Lewis as to the conversation was: "He (appellee) had a paper in his hand and said something about Barlow, (appellant,) and I said, 'I have made no arrangements with Barlow at all; I have nothing to do with him.' That was all the conversation. I had made no deed to Barlow and did not intend to. If Mr. Robinson (appellee) came and filled his contract I should fill mine. * * * I wrote to him to send me $550 or $500 by my husband, but if my husband had any conversation about the land I don't know anything about it." This conversation occurred on the 24th day of December, 1895, and the letter asking appellee to pay $550 was dated De-

174—21

cember 31, 1895, and the deed to appellant was executed on the 14th day of January, 1896.

The appellant asked the court to hold the following proposition as a correct expression of the doctrine of ratification, to-wit:

"That in order to constitute a ratification of acts done in infancy, the act relied upon as a ratification must be performed with a full knowledge of its consequences, and with the intention to ratify what is known to be voidable."

The court held the proposition to be correct, and no other proposition bearing upon the point was presented. Therefore the question is whether the evidence was sufficient to constitute a ratification within the rule declared by the proposition, for the reason the appellant, having requested the court to so declare the law, cannot be heard now to question the correctness of it.

The appellee and Mrs. Lewis were the only witnesses who gave testimony with relation to the conversation between them. The subject of that conversation, according to the testimony of both of them, was whether it was the intention of Mrs. Lewis to carry out her contract with the appellee, or to disaffirm the same and sell the land to the appellant. It is therefore clear she knew it was within her power to avoid the obligations of her bond. According to her version of the conversation she did not intend to convey to the appellant except in the event the appellee should refuse to perform his contract. Appellee testified she said she intended to fulfill her contract with him, but that she needed some money and wanted him to make some payment in advance of the maturity of any payment provided for by the bond. She denied that she said she intended to be governed by and carry out her contract set forth in the bond, or that she asked the appellee to advance her any sum upon the purchase price of the land. It was abundantly proven and admitted that within a week after the conversation she wrote a note to the appellee requesting him to make an

advance payment upon the purchase price of the land, and sent such note by her husband for the purpose of procuring some part of the purchase price of the land. This note, with the action of Mrs. Lewis in causing the same to be sent to the appellee, is consistent only with the version given by the appellee of the conversation and inconsistent with the version given by Mrs. Lewis. We think the circuit court was justified in concluding that Mrs. Lewis intended to ratify, and did ratify, her bond, and that the appellant, at the time he received the deed from her to the land in question, was chargeable with notice of such affirmance.

The judgment of the circuit court is correct and will be affirmed.                                    *Judgment affirmed.*