(No. 12611.—Judgment affirmed.)
DAVID M. RUBIN *et al.* Appellees, *vs.* ERIK P. STRAND-
BERG, JR., Appellant.

*Opinion filed April 15, 1919.*

1. MINORS—*a minor may disaffirm or ratify contract within a
reasonable time after attaining his majority.* Within a reasonable
time after attaining his majority a minor may disaffirm a contract
made by him ·during minority or he may by acts recognizing the
contract after becoming of age ratify it.

2. SAME—*minor cannot defeat ratification of contract by alleg-
ing ignorance of right to disaffirm.* Where a minor enters into a
contract for the purchase of land his acts in making payments un-
der the contract and having it recorded after he has become of
age will ratify the contract, and as he is presumed to know the
law he cannot afterwards be heard to say that he performed the
acts of ratification in ignorance of his right to disaffirm.

APPEAL from the Second Branch Appellate Court for
the First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. CHARLES M.
FOELL, Judge, presiding.

JOEL C. CARLSON, for appellant.

H. J. ROSENBERG, and LOUIS BECKER, (IRVING ZIM-
MERMAN, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

David M. Rubin, Ike Rubin and Jacob L. Rubin, part-
ners engaged in the real estate business in Chicago, filed
their bill in the superior court of Cook county to annul
and remove as a cloud upon title to certain lands described,
a contract between complainants and Erik P. Strandberg,
Jr., and in the alternative that Strandberg be required to
pay the amount due under said contract, and that upon
making such payments the contract be re-instated and de-
clared in full force and effect, and for other relief. Strand-
berg answered the bill and filed a cross-bill. After answers
and replications the cause was heard in open court and a
decree entered denying the relief prayed in the original bill

and dismissing the same and granting the relief prayed in the cross-bill. On appeal to the Appellate Court for the First District that court reversed the decree of the superior court and remanded the cause, with directions to dismiss the cross-bill and to grant the prayer of the original bill. The Appellate Court granted a certificate of importance, and Strandberg (hereafter referred to as defendant) has prosecuted a further appeal to this court.

The facts out of which this litigation arises are as follows: On the 4th of March, 1915, the Rubins (hereafter referred to as complainants) entered into a contract with defendant by which the former agreed to sell, and the latter to purchase, certain lots described in the contract, situated in the city of Chicago, for the sum of $6600, to be paid for as follows: $1000 in cash on the date of signing the contract, the balance in monthly installments of $150 each, payable the fourth day of each month until the balance was paid, with interest at six per cent per annum on the sum remaining unpaid from time to time. The contract provided that in case of the failure of defendant to make either of the payments, the contract should, at the option of complainants, be forfeited and defendant should forfeit all payments made by him and they should be retained by complainants in liquidation of damages sustained by them, and they should have the right to re-enter and take possession of the premises. The $1000 cash payment appears to have been made, also the further payments, with interest from the date of the contract up to and including the payment December 4, 1915. The aggregate amount paid, including interest, was $2575. At the time the contract was entered into defendant was a minor. He attained his majority October 7, 1915. The payments made in November and December were made after he was of age. No payment was made in January or February, 1916, but on the 4th of February defendant, accompanied by his counsel, tendered back to complainants the contract for the purchase

of the property, together with a quit-claim deed conveying all defendant's interest therein to complainants, and at the same time he demanded that complainants pay back to him the money which he had paid them under the contract, for the reason that he was a minor under twenty-one years of age when the contract was entered into, and also because he claimed complainants had misrepresented to him the property. Complainants refused to pay the money back or receive the quit-claim deed and contract, and shortly thereafter filed their bill alleging defendant had made all payments according to the terms of the contract up to and including the payment due December 4, 1915, together with interest, which payments had been duly credited on the contract, and that he had defaulted in the payments due January 4 and February 4, 1916, respectively, but had caused the contract to be recorded in the recorder's office January 3, 1916. Defendant answered the bill, alleging his minority when the contract was entered into; that he did not learn of his right to disaffirm the contract until February 1, 1916, at which time he was informed by his solicitor that he had a right, under the law, to disaffirm the contract, and that he thereupon elected to disaffirm it and tendered complainants said contract and the quit-claim deed for the property and demanded a return of his money paid under the contract. The answer also charged complainants with fraud and misrepresentation in inducing defendant to enter into the contract. Defendant also filed a cross-bill setting forth substantially the same matters alleged in his answer. As above stated, on the hearing the court denied the relief prayed in the original bill and granted the relief prayed under the cross-bill, which decree was reversed by the Appellate Court and the cause remanded, with directions to the court to dismiss the cross-bill and grant the relief prayed in the original bill.

It is not disputed that defendant was a minor when the contract was entered into and that he attained his majority

October 7, 1915, but complainants contend that the payments made by defendant after he became of age, and his act in causing the contract to be recorded in January, 1916, constituted a ratification of the contract after he attained his majority. The defendant's answer to this contention is that at the time these acts were performed he did not know he had the legal right to disaffirm the contract upon attaining his majority, and that before said acts can be held to be a ratification of the contract it is necessary that the defendant should have known, at the time of their performance, that he had a right to disaffirm the contract on the ground that it was entered into during his minority.

There was a failure of the proof to sustain the allegations of the answer and cross-bill of defendant that he was induced to enter into the contract by fraud and misrepresentation, and his right to disaffirm the contract rested alone upon whether he had ratified it after becoming of age. A minor may disaffirm a contract made by him during minority within a reasonable time after attaining his majority, and he may by acts recognizing the contract after becoming of age ratify it. There can be no doubt that the acts of the defendant after attaining his majority, in making the monthly payments and causing the contract to be recorded, were a ratification of the contract, unless the law is, as contended by defendant, that it was essential, in order to constitute said acts a ratification, that he knew at the time he performed the acts that the law authorized him to disaffirm the contract. Cases decided by this court relied on by defendant are *Davidson* v. *Young*, 38 Ill. 145, *Sayles* v. *Christie*, 187 id. 420, and *Coe* v. *Moon*, 260 id. 76. In none of those cases was the question of the knowledge of the party, at the time of the alleged ratification, that he had a right, under the law, to disaffirm, involved. In the *Davidson case* the court held the act or circumstance relied on as a ratification of a deed made while the grantor was a minor was not of a character to constitute a rati-

fication. The court said: "In order to constitute a rati-
fication of acts done in infancy, the act relied upon as a
ratification must be performed with a full knowledge of
its consequences and with an express intent to ratify what
is known to be voidable." Whether the grantor knew at
the time of the alleged ratification that she had the legal
right to disaffirm the deed is not mentioned or referred to.
The case of *Sayles* v. *Christie, supra,* is the same in sub-
stance. In *Coe* v. *Moon, supra,* the grantor, after attaining
his majority, sought to disaffirm and set aside a deed made
by him while a minor. The deed he had made was to
property in Eureka, Illinois, exchanged for farm land in
Kansas. The grounds upon which he sought to disaffirm
after becoming of age were that he had been defrauded
by the party with whom he dealt in making the trade, both
as to the value and location of the land in Kansas, and
the proof sustained that charge. It was claimed in that
case that the grantor had ratified the deed after attaining
his majority, but the proof showed that at the time of the
alleged acts of ratification he had no knowledge of the
fraud on account of which he sought to disaffirm and did
not acquire such knowledge until after said acts. The court
said: "Where the same lack of knowledge exists at the
time of the alleged ratification as existed at the time of
the original contract or deed, in such case the ratification
is held to be a part of the original transaction and to be
ineffectual."

In none of the above cases was the question here un-
der consideration involved. In this case the proof failed
to show that defendant had been induced by fraud and mis-
representation to enter into the contract. He had no rea-
son for disaffirming it except that he had changed his mind.
His change of mind was not the result of any discovery
of the truth of facts which had been fraudulently misrep-
resented to him by complainants and upon which he relied
in making the contract. He simply concluded that he had

made an unprofitable contract and sought to disaffirm solely because he was a minor when it was made. Just when he reached that conclusion does not definitely appear. He defaulted in the January, 1916, payment, and on the day the February payment was due notified complainants of his election to disaffirm. He then would have had the legal right to disaffirm the contract if he had not previously and since attaining his majority ratified it. The payments in November and December, 1915, evidenced his intention to comply with his contract and were a ratification of it, unless, as contended, he did not then know the law authorized him to disaffirm it. In our opinion defendant's acts after becoming of age must be regarded as done in the light of knowledge of his legal right to disaffirm; that he was presumed to know the law, and cannot be heard to say that he was ignorant of his legal right in that respect and performed the alleged acts of ratification in ignorance of that right. Upon this particular question the authorities are not altogether in accord, but in our opinion the more logical reasoning sustains that proposition. Wharton on Contracts (vol. 1, sec. 57,) in discussing the question says: "Hence the better opinion is that a ratification made by a person of sound mind on arriving at his majority will be held valid, if untainted with fraud or undue influence, though the party making it was not at the time aware that it bound him in law." The proposition that it is not necessary to a binding ratification that the party sought to be charged knew at the time of the act that he had the legal right to avoid the contract is sustained in *American Mortgage Co.* v. *Wright,* 101 Ala. 658; *Bestor* v. *Hickey,* 71 Conn. 181; *Morse* v. *Wheeler,* 86 Mass. 570; *Anderson* v. *Soward,* 40 Ohio St. 325; *Clark* v. *VanCourt,* 100 Ind. 113; 14 R. C. L. 249.

In our opinion the Appellate Court did not err in holding defendant's acts after attaining his majority were a ratification of the contract, and its judgment is affirmed.

*Judgment affirmed.*