(No. 20776.—

JOHN SCHLIG *et al.* Appellants, *vs.* SAMUEL H. SPEAR, Appellee.

*Opinion filed June 18, 1931—Rehearing denied October 9, 1931.*

FOREST H. RICHARDS, and J. F. TYRRELL, (B. I. SALINGER, JR., of counsel,) for appellants.

MILLARD C. EISEMAN, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellants, John Schlig and Matilda Schlig, by writ of error seek review of a decree of the superior court of Cook county dismissing for want of equity their amended bill in

chancery by which they sought the cancellation of a deed dated July 13, 1925, for certain real estate, in which Irving Schlig was grantor and appellee, Samuel H. Spear, was grantee.

Irving Schlig died August 28, 1925, leaving appellants, who are his parents, as his only heirs-at-law. The amended bill alleged that on July 13, 1925, Schlig was a minor under twenty-one years of age and that he did not attain his majority until July 19, 1925, and that the deed was executed without a consideration. Appellee answered the bill, denying that Schlig was a minor on July 13, 1925, or that the deed was given without consideration. The answer set up a ratification of the deed by Schlig at a time when he had unquestionably reached his majority. The cause was referred to a master in chancery to take the proofs and report them with his findings therefrom. Objections to the master's report were overruled by the master, and, standing as exceptions thereto, were also overruled by the court, and the master's findings were incorporated in full in the decree, in which the court found that Schlig in his lifetime executed and delivered his warranty deed, wherein and whereby he conveyed all his right, title and interest in and to the premises in question to Spear, said instrument being dated July 13, 1925, and recorded in the office of the recorder of deeds of Cook county on the 24th day of July, 1925; that subsequent to the date of the execution and delivery of the warranty deed, Schlig, accompanied by Spear, on the afternoon of July 21, 1925, called at one of the apartments in the premises occupied by Mr. and Mrs. W. H. Brand for the purpose of collecting the July rent for said apartment and for the further purpose of introducing Spear as the new owner of the premises, but failing to gain admission Schlig and Spear departed; that Spear returned later and presented to Brand a receipt for July rent in the sum of $60, said receipt being in the handwriting of Schlig except that it was signed by Spear, and bearing on the re-

verse side in the handwriting of Schlig the following words: "This is Sam Spear, your new landlord.—Irving Schlig;" that thereupon Brand paid Spear the rent for July, 1925; that on the 21st day of August, 1925, Schlig called upon Brand and informed him that he had been authorized by Spear to collect the August rent because of the absence of Spear from the city; that when Brand questioned the right of Schlig to collect the rent because he had sold the premises in question to Spear, Schlig answered, "I did, but Spear is out in the country and he told me to collect the rent for him;" that thereupon Brand paid the sum of $60, and Schlig a day or two later delivered to Joseph Spear, a brother of Samuel, the $60 which he had collected as the agent of Samuel as and for the August rent of the premises in question and was then paid by Joseph five dollars for his trouble in collecting the rent. The testimony of Mr. and Mrs. Brand and Joseph Spear fully sustains the findings of the master and the court.

The deed of Irving Schlig was not void but was voidable, only, and became valid and effective if ratified by him after reaching his majority. (*Barlow* v. *Robinson,* 174 Ill. 317.) If an infant, after becoming of age, does any distinct and decisive act clearly showing an intention to affirm a deed made by him during his minority he will be held to have ratified the deed and cannot thereafter avoid it. (*Howe* v. *Howe,* 99 Mass. 98; *Rubin* v. *Strandberg,* 288 Ill. 64.) Schlig's acts with reference to his introduction of Spear to the tenant in possession of the premises in July, 1925, and his collecting the August rent from the tenant as agent for appellee and receiving five dollars compensation therefor, were sufficient, in law, to constitute a ratification of the deed to appellee.

The decree of the superior court is affirmed.

*Decree affirmed.*