HUMAN v. HARTSELL et al. No. 2.—148 S. W. (2d) 634.

Eastern Section. October 26, 1940.

Petition for Certiorari denied by Supreme Court, March 1, 1941.

Simmonds & Bowman and J. A. Lee, all of Johnson City, for appellant.

Vines, Hawkins & Bryant, of Johnson City, for appellees.

McAMIS, J.   Raymond Human, 35 years of age, filed the bill herein on March 13, 1939, to have removed as a cloud upon his title a trustee's deed executed by J. A. Vines, Trustee, to the defendant A. S. Hartsell upon the ground that, at the time of the execution of the trust deed under which Vines acted as trustee, complainant was only 20 years of age and, because of his minority, unable to execute a valid deed of trust.   The validity of the trust deed is attacked upon the further ground that there was never any default in the terms of the deed of trust and that the trustee was not clothed with any power of sale or authority to foreclose.

The case was heard before a Special Chancellor upon oral testimony. Based upon an able and discerning opinion and a comprehensive finding of facts, a decree was entered dismissing the bill and taxing complainant with costs.   From this decree complainant Human has appealed and assigned errors renewing his insistence that the deed of trust was void ab initio, void and unenforceable upon its face, and making the further insistence that the amount bid at the sale was so grossly inadequate as to shock the conscience of the court and amount to a fraud upon complainant's rights.

Complainant traces his title to the property covered by the deed of trust from the will of Jefferson Burleson, the devising clause of which has been, by decree of the chancery court, construed to vest in Hannah Human, complainant's mother, a life estate with remainder to her six natural children, including complainant.

On August 24, 1924, complainant, being then 20 years of age, executed the deed of trust in question along with his father and mother to secure one Oscar Leach as surety upon an appearance bond in the sum of $250 conditioned upon his father appearing for trial in the Federal Court at Greeneville, Tennessee. The purpose of the deed of trust, clearly expressed in its face, was to secure and save harmless Oscar Leach as surety upon said bond. The deed of trust refers to the bond as "my" bond without indicating whether it was a bond of John Human, Hannah Human or Raymond Human, all grantors in the deed of trust. The bond was, however, in fact that of John Human, complainant's father, who, at that time, was indicted in the Federal Court at Greeneville upon a liquor charge.

On November 8, 1924, John Human having failed to appear, a conditional forfeiture was entered against him and Leach as his surety. On March 6, 1925, the court entered an order vacating the forfeiture upon payment of costs amounting to $16.10. Leach paid this amount and called upon John Human for reimbursement, but this was denied and, according to the Chancellor's finding unchallenged by any assignment of error, Leach thereafter warned complainant that unless he was reimbursed the amount of his loss he would have the trust deed foreclosed. Payment was not made, however, and, at the instance of Leach, the trustee advertised and sold the property sometime during the year 1925. Defendant Hartsell became the purchaser at his bid of $35, which was paid over to the trustee.

At the time of the foreclosure, complainant had attained his majority and the record shows that sometime thereafter Leach advised him that defendant Hartsell had purchased the property. To this complainant replied that Hartsell had bought nothing but trouble. Complainant thereafter took no action until the institution of the present suit on March 13, 1939. The life tenant, Hannah Human, had meanwhile maintained possession of the property, renting it and paying taxes upon it. The Chancellor held that any claim of defendant against Hannah Human, asserted by cross-bill filed herein, was barred by the Statute of Limitations limiting, as already indicated, defendant's claim to a one-sixth undivided interest in the remainder which, it appears, was subject to be cut off and defeated by the death of complainant prior to the death of the life tenant, Hannah Human.

The Special Chancellor, following what may be termed the old rule, established by early Tennessee cases, held that any instrument executed for only a nominal consideration or appearing upon its face to be to the minor's prejudice is void but if the contract be of an uncertain nature as to benefit or prejudice it is voidable only and may be ratified or disaffirmed after the minor attains his majority. Wheaton v. East, 5 Yerg., 41, 26 Am. Dec., 251; McMinn v. Richards, 6 Yerg., 9; McGan v. Marshall, 7 Humph., 121; Langford v. Frey, 8 Humph., 443, 446; Scott v. Buchanan, 11 Humph., 468; Robinson v. Coulter, 90 Tenn., 705, 18 S. W., 250, 25 Am. St. Rep., 708.

■ The Chancellor was further of opinion that, the father being legally bound to support complainant, the release of the father from prison enabled him to discharge this legal duty and that the execution of the deed of trust for that purpose was for the benefit of complainant or, at least, whether or not the execution of the deed of trust was to the benefit of the minor was uncertain and, therefore, under the rule stated, should be sustained as voidable rather than held to be a void contract. Whether Raymond Human had a legal right to invoke the general obligation of a parent to support his child at the age of 20 years, or whether, in fact, John Human was in position to provide such support in view of his record as a law violator, is the subject of much debate upon the briefs filed here. We think it unnecessary to deal with these questions inasmuch as, under the modern view, contracts of minors are, in general, merely voidable and not void.

The last case in Tennessee holding a minor's contract void and adopting as the criterion for determining whether a given contract is void or only voidable the prejudicial, uncertain or beneficial effect upon the rights and interest of the minor, appears to be the case of Robinson v. Coulter, supra, decided November 12, 1891. In Tuck v. Payne, 159 Tenn., 192, 17 S. W. (2d), 8, in an opinion by Mr. Justice McKinney, the modern rule that contracts of infants are not void but only voidable and subject to be disaffirmed by the minor either before or after attaining majority appears to have been favored.

■ Under this rule the efforts of early authorities to classify contracts as beneficial or harmful and determine whether they are void or only voidable upon the basis of such classification are abandoned in favor of permitting the infant himself when he has become of age to determine what contracts are and what are not to his interest and liking. He is thus permitted to assume the burden of a contract, clearly disadvantageous to him, if he deems himself under a moral obligation to do so.

■ The adoption of this rule does not lead to any retrenchment of the infant's rights but gives him the option of invoking contracts found to be advantageous but which, if held void, could not be enforced against the other party to the contract. Thus the minor can secure the advantage of contracts advantageous to himself and be relieved of the effect of an injudicious contract.

Under the modern rule even a contract of suretyship for the accommodation of another has been held to be voidable only. Harner v. Dipple, 31 Ohio St., 72, 27 Am. Rep., 496; 31 C. J., 1090.

■ ■ We think the contract here involved might be sustained upon the ground that it was beneficial to the minor. The release of his father from prison was generally to the benefit and advantage of the minor irrespective of any future support furnished by the father. The imprisonment of the father cast a stigma upon him,

682

and, whether justly so or not, tended to reduce his chances of obtaining employment. However, we base our holding that the contract in question is voidable only upon the modern rule, apparently adopted by the Supreme Court of this State, that except as to a limited class of contracts which are valid and enforceable even over the objection of the minor, an infant's agreement is voidable and not void.

Under this view it becomes necessary to overrule the assignment based upon the action of the Special Chancellor in sustaining the deed of trust in question because it was not disaffirmed after complainant attained his majority.

We also find without merit the assignment that the deed of trust is so vague and uncertain in its terms as to be void and that the foreclosure is void because the deed of trust did not contain a power of sale. An examination of the deed of trust, by fair construction, shows that its purpose was to indemnify and save harmless the beneficiary, Oscar Leach, and that if such loss should occur to Leach the trustee should advertise and sell the property.

We think complainant not entitled to the relief sought because of the inadequacy of the bid of $35 made by defendant. It is stipulated that the entire property on the date of foreclosure was worth the sum of $2,000. Hannah Human held a life estate and she then had a long expectancy. The interest of complainant, being a one-sixth interest in the remainder, was subject to be defeated by the prior death of complainant. Such an interest in real estate is of small market value, but relief upon this ground must be denied for the further reason that it is not asserted by the bill as a ground for relief and does not appear to have been treated as an issue during the trial of the case in the chancery court. We are also of opinion this relief must be denied because of the long delay of approximately fourteen years during which complainant slept upon his rights and, so far as appears, was content with the course followed by the trustee and by defendant.

We find all of the assignments without merit and it results that the decree below must be affirmed with costs.

Portrum and Ailor, JJ., concur.