# HARWELL MOTOR COMPANY v. LELAND H. CUN-NINGHAM. —337 S. W. (2d) 765.

Middle Section, at Nashville.   December 16, 1959.

Certiorari Denied by Supreme Court September 9, 1960.

254

Jacobs H. Doyle, Nashville, for complainant in error.

Harry Mittwede, Nashville, for defendant in error.

HUMPHREYS, J. This is an appeal by the Harwell Motor Company, Inc., from a decree of the Chancery Court of Davidson County, holding that a contract whereby the Motor Company sold Leland H. Cunningham a Ford automobile should be rescinded on account of the minority of Cunningham at the time of the making, and that Cunningham should recover of the Motor Company the consideration paid under the contract. The original bill, filed by Cunningham against the Motor Company, sought rescission of a contract of sale of a Ford automobile and recovery of the purchase price, upon the ground Cunningham was a minor at the time of the making of the contract of sale, which was known to the Motor Company, in spite of which it sold him the automobile, falsely representing it to be a practically new demonstrator when in fact it had been wrecked and was secondhand. Bill further alleged Cunningham sought to return the car to the Motor Company after learning it had been

wrecked, and to rescind the contract, but this was refused. The answer of the Motor Company defended on the grounds Cunningham fraudulently represented himself as an adult; that he had the appearance of an adult, and signed a contract to that effect, and on this account was estopped to rescind the contract. Further, that he had ratified and affirmed the contract by mortgaging the automobile after attaining majority. The answer denied there was any fraud in the sale.

In a written memorandum the Chancellor found that the Motor Company was put on notice of Cunningham's minority before the sale of the car was consummated. That there were no fraudulent misrepresentations or concealments on Cunningham's part with respect to his age; that at the time of the trial two years after the making of the contract, Cunningham did not have the appearance of an adult, and that Cunningham was not bound by the statement in the contract that he was twenty-one years of age. That as soon as Cunningham learned the automobile was secondhand and had in fact been wrecked prior to his purchase of it, he made immediate efforts to rescind the contract. The Chancellor also found that Cunningham had not ratified or affirmed the contract by mortgaging the automobile, it not being his intention so to do in the making of said mortgages. A decree was entered rescinding the contract and awarding Cunningham $3,243.50, the purchase price of the automobile. From this decree an appeal has been taken to this Court and the case is here on a number of assignments of error.

Before entering upon a consideration of these assignments of error we should say that we have considered

whether the Chancellor's findings as set forth above are contrary to the preponderance of the evidence, and we are contrained to hold that they are not. Accordingly, we adopt the same as a part of our finding of facts in this case, to which we add the following finding for purposes of clarity:

Cunningham was nineteen years old at the time he bought the automobile in October, 1957. The total purchase price paid, including trade-in, was $3,243.50. This was paid $1,493, including sales tax, with cash borrowed from the Watertown Branch of the Lebanon Bank in Wilson County, and the balance by the trade-in of an automobile Cunningham then owned. During the negotiations leading up to the sale the Motor Company through its representative dealing with Cunningham was advised of Cunningham's age, and the Motor Company was further put on notice with respect to Cunningham's age when arrangements were being made at the Watertown Branch of the Lebanon Bank for the automobile to be financed. We also find that Cunningham was told that the automobile he was buying was practically new and had only approximately 4,000 miles of use by a salesman of the company as a demonstrator, and that the car had not been wrecked; that after experiencing a number of mechanical difficulties with the automobile Cunningham commenced an investigation to learn the history of the automobile before he acquired it, and learned the Motor Company first sold it to N. T. Hancock, d/b/a N. T. Hancock Motor Company of Liberty, Tennessee, on February 25, 1957, and repurchased it in September, 1957 at a foreclosure sale for $2,285.77, after which it was sold to Cunningham for $3,243.50. With respect to the issue of ratification and affirmance by mortgaging, in addition

to the facts found above we find the following: At the time Cunningham borrowed the money from the Watertown Bank to pay the cash portion of the sale price of the automobile he gave a mortgage for $2,592 although he borrowed at that time only $1,493 to pay on the automobile; the difference between the $1,493 borrowed to pay the cash part of the purchase price of the automobile and the $2,592, represented the amount Cunningham then owed the bank on the automobile he traded in on the one he was buying. In April, 1959, Cunningham sought to rescind his contract and deliver the automobile back to the Motor Company but this was refused. Thereafter on May 8, 1959, he filed his original bill for rescission. On June 1, 1959, Cunningham executed a mortgage to a credit union where he was employed, and August 10, 1959, he paid off that mortgage by executing another mortgage for the same amount to the Watertown Bank. We find these mortgages were executed to refinance the original loan by which the purchase price of the car had first been acquired.

We come now to a consideration of the assignments of error. The first assignment is that the trial court erred in not holding that the mortgages executed by complainant after reaching his majority affirmed or ratified as a matter of law or fact the contract to purchase the automobile made by Cunningham while a minor. This assignment of error must be overruled. It is the law, as laid down in Tuck v. Payne, 159 Tenn. 192, 17 S. W. (2d) 8, and is commented upon in Human v. Hartsell, 24 Tenn. App. 678, 681, 148 S. W. (2d) 634, that contracts of a minor, unless for necessaries, and there is no insistence that this exception has application here, are voidable by the minor at his election upon attaining majority. That

a minor is thus permitted to reject or assume the burden of a disadvantageous contract. With respect to how ratification of such voidable contracts may be accomplished it is said in Wheaton v. East, 13 Tenn. 61, 62,

> "Anything therefore from which his assent after he arrives at age may be fairly inferred, will be sufficient to affirm the deed made during infancy and prevent him from afterwards electing to disaffirm it."

So the question is, did Cunningham upon attaining his majority, by the execution of mortgages to refinance the automobile, indicate an intention to affirm or ratify the contract of purchase made during infancy. We must answer this question in the negative. While Cunningham would be bound by the reasonable implications of his conduct rather than by his secret intent, his action in mortgaging the automobile to refinance it is in reason more referable to his concern to have it on hand for the purpose of tendering it back in rescission of the contract than to an intent to affirm or ratify that contract, especially since he had already brought suit to disaffirm the contract. Moreover, since the mortgages were executed for the purpose of refinancing the automobile, they were in fact nothing more than a continuation of the original financing arrangement of which both parties were fully advised and by which the vendor could be in no way prejudiced. The situation is no different than it would have been if Cunningham had attained his majority while the original mortgage was in existence and had then sought to disaffirm his contract. Certainly, it could not have been said in such case that the existence of the mortgage amounted to an affirmance. In the present situation, while it is true that Cunningham engaged in

two additional acts of refinancing with respect to the automobile, they must in fairness be related to the original financing arrangement, since under the record they were made for that purpose. To argue this proposition further, although it really need not be, we point out that since affirmance or ratification depends upon actual or inferred intent, we cannot in good conscience say that such an intent actually existed or reasonably can be inferred from the mortgage made to refinance the automobile after a suit had been brought for the purpose of rescinding the contract involved.

Our ruling with respect to assignment of error No. 1, requires that assignments Nos. 2, 3, and 4, likewise be overruled, the same being based upon the contention that the execution of the mortgages subsequent to the filing of the suit to rescind the contract amounted to an affirmance thereof.

The fifth assignment is that the trial court erred in holding that Cunningham was not estopped to rely upon his infancy because of misrepresentations of his age at the time of the purchase of the automobile. This assignment of error must be overruled on the basis of the finding of fact by the Chancellor, concurred in by this Court. The Chancellor found, and the preponderance of the evidence is not contrary thereto, that Cunningham revealed his minority status to the Motor Company prior to the execution of the contract, and that in addition the Motor Company was placed on notice with respect to his age by conversations occurring during the negotiations to finance the automobile at the Watertown Branch of the Lebanon Bank. This appears from the testimony of two witnesses and is contradicted by the testimony of one witness only, all three of whom were before the Chan-

cellor who heard the case on oral testimony, and who resolved the issue of credibility of the witnesses as to this issue in favor of Cunningham. In this state of affairs, no estoppel to disaffirm or rescind the contract on account of age can arise. In the leading case on this question, Tuck v. Payne, 159 Tenn. 192, 17 S. W. (2d) 8, 9, the Supreme Court quotes with approval from Mr. Pomeroy's work on Equity Jurisprudence (4th Ed.) Vol. 2, Sec. 945, as follows:

"The incapacity of infants to enter into binding contracts is the same in equity as in law; but such contracts are generally voidable only, and may therefore be ratified after the infant attain his majority. Fraud, however, will prevent the disability of infancy from being made available in equity. If an infant procures an agreement to be made through false and fraudulent representations that he is of age, a court of equity will enforce his liability as though he were an adult, and may cancel a conveyance or executed contract obtained by fraud."

It is evident from this authority that the infant must do something amounting to a false and fraudulent representation, relied upon and acted upon by the opposite party, before an estoppel to disaffirm will arise. None of those elements are present in this case. With respect to the statement contained in the contract of purchase signed by Cunningham, that he was 21 years of age, we find that this was a formal part of the contract prepared by the Motor Company which was aware at the time that Cunningham was not an adult, and that the company did not in fact and truth and in good conscience rely on the statement and act thereon to its detriment, so there can be no estoppel to disaffirm the contract on that account.

While it is the rule a person is ordinarily bound by written statements made in a contract and can defend upon the ground that he did not read the contract only in certain exceptional cases, that principle has no application here because it is not conclusive of the question involved, which is, did Cunningham fraudulently mislead the Motor Company with respect to his age and the answer as found by the Chancellor and by this Court is that he did not so do. As found and held by the Chancellor, since the Motor Company had already been advised by Cunningham that he was a minor, the statement in the contract with respect to his age placed there by the Company should have been stricken out by the Company.

The sixth assignment of error is that the Chancellor erred in holding that the Motor Company misrepresented the condition of the automobile and, on this account, decreeing rescission of the sale. This assignment must be overruled because the Chancellor did not decree a rescission on account of the misrepresentation of the condition of the automobile, but solely on account of the minority of Cunningham at the time of the execution of the contract. The only real purpose served in the case by the allegation and proof with respect to the condition of the car, was to furnish some moral justification for the suit.

The seventh assignment of error which goes to the amount of the recovery must be overruled because there is nothing in the record to support it. The subject of the assignment does not seem to have been placed before the Chancellor by the pleadings, nor, are there references in the assignment to any evidence in the record to sustain the same, and we have been unable to find any such evidence.

In concluding our consideration of this appeal we think it only fair to ourselves to say that since our concurrence in the Chancellor's decree allows the complainant Cunningham to have the use of the automobile in question for two years and then recover back all of the money paid on it, it necessarily "goes against the grain" to some extent. Nevertheless, it is the law that a minor can disaffirm a disadvantageous contract not for necessaries upon the attainment of his majority, and we are bound by that rule and follow it in this case. All of the assignments of error having been overruled the decree of the Chancellor is affirmed with costs.

Hickerson, J., concurs.

Shriver, J., dissents.