## Rose Adams
### v.
### Leonard Barcomb

[216 A.2d 648]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 1, 1966

*Robert A. Magoon* for plaintiff.

*Joseph S. Wool* for defendant.

**Shangraw, J.** This is a civil action to recover the consideration paid under a contract made by plaintiff. The case was heard by the Lamoille County Court. Findings of fact were made by the trial court and judgment entered in favor of the defendant. The plaintiff has appealed.

Following are the findings of fact:

1. The plaintiff, Rose Adams, was born August 6, 1943, and became twenty-one years of age on August 6, 1964.

2. In May of 1964 while the plaintiff was working in Burlington she contacted the defendant, Leonard Barcomb, concerning the purchase of an automobile. As a result she purchased a 1960 Impalla (sic) two door convertible Chevrolet. For said car she traded in a 1959 Opel and paid $975.00 in cash. Said sale was consummated on May 28, 1964.

3. The plaintiff operated the purchased Chevrolet for approximately two weeks and was dissatisfied with it. Two or three weeks after said purchase, approximately the 15th day of June, 1964, Doris Adams, the plaintiff's mother called the defendant and told him that her daughter Rose was not satisfied with the car and wanted her money back. The defendant told her that he would not return the money and the plaintiff then contacted an attorney and suit for the return of the money was instituted by writ dated July 15, 1964.

4. The plaintiff did not operate said car which was at her home from about the 15th day of June, 1964 until about the 1st of August, 1964. She then operated for a little over two months and stopped about October 1, 1964 and has not used it since October 1, 1964 and it has been in the yard of her home.

5. Since these findings indicate the facts but do not indicate the conclusion of law, from these facts the Court finds that the plaintiff,

by use of the automobile after her attempted revocation and after she became twenty-one years of age has lost the benefits of her revocation and the defendant should have judgment with his costs."

■ It has always been the law in this state that contracts made by a minor during infancy, if not for necessaries, may be avoided by him if disaffirmed within a reasonable time after arriving at full age. *Bagalio* v. *Hoar,* 118 Vt. 384, 387, 110 A. 2d 719.

■ On June 15, 1964, two or three weeks after the automobile in question was purchased by the plaintiff, finding No. 3 clearly and unequivocally reveals a repudiation and disaffirmance of the transaction by the plaintiff. Furthermore, on July 15, 1964, a suit was instituted by her for a return of the consideration paid for the automobile. The bringing of this action also indicated an election by her to treat the contract as void. *McNaughton* v. *Granite City Auto Sales, Inc.,* 108 Vt. 130, 132, 130 Atl. 487.

■ The plaintiff became of age on August 6, 1964, and was within her rights in disaffirming the contract while under age. *Hoyt* v. *Wilkinson,* 57 Vt. 404, 406; *McNaughton* v. *Granite City Auto Sales, Inc.,* supra, at page 132. After disaffirmance, she was entitled to the return of the consideration paid for the automobile. *Whitcomb* v. *Joslyn,* 51 Vt. 79, 81.

■ It is contended by the defendant that it was a prerequisite that the plaintiff first return the automobile purchased of the defendant if liability under the contract was to be avoided by her. As a general rule, if an infant avoids his contract, he must restore the consideration that he received. *Price* v. *Furman,* 27 Vt. 268, 271.

■ Finding No. 3 clearly indicates a disaffirmance of the contract by the plaintiff and a demand made upon the defendant for a return of the consideration paid for the automobile. The defendant refused to return the money which he had received as part payment therefor. This refusal on the part of the defendant, excused the plaintiff from tendering the return of the automobile puchased by the plaintiff. The law does not require the doing of a useless act or the doing of that which would be only a vain and idle ceremony. *Carvage* v. *Stowell,* 115 Vt. 187, 192, 55 A.2d 188; *Hambleton* v. *Aja Granite Co.,* 96 Vt. 199, 202, 203, 118 A.878.

The defendant contends that the plaintiff's use of the automobile for about two months after she became of age constituted a ratification of the contract. This is the legal conclusion arrived at by the trial court in finding No. 5, wherein the court stated that the plaintiff had

"lost the benefits of her revocation." It is urged by the defendant that this conclusion is supported by the evidence, and paragraph No. 4 of the findings of fact. The facts, as found in findings Nos. 1 to 4 inclusive, are not sufficient in law to support the conclusion of the trial court upon which a judgment for the defendant was predicated.

■ Here, the use of the automobile by the plaintiff was occasioned by the defendant's refusal to return the cash and her original vehicle given as its purchase price. During her minority she had unequivocally disaffirmed the contract. The burden of proof was upon the defendant to prove a subsequent ratification by the plaintiff of the original transaction. 43 C.J.S. Infants, § 117a, page 330. The defendant has failed to carry the burden of proof on this issue.

■ The temporary use of the automobile by the plaintiff for about two months, standing alone, in the face of a prior disaffirmance of the contract, and the continuance of this litigation to its final conclusion, does not demonstrate an intention on her part to ratify the contract.

Such use of the automobile by the plaintiff during the pendency of this action to recover what she had paid for the vehicle, after the defendant had flatly rejected her prior disaffirmance, does not constitute a ratification of the original contract as a matter of law. Neither the evidence nor the findings support the legal conclusion stated in finding No. 5.

*Judgment reversed and cause remanded for an appropriate judgment order in favor of the plaintiff.*