430 P.2d 374

**BRONX SAVINGS BANK, a Corporation,
Plaintiff-Appellee,**

v.

**J. Frank CONDUFF, Defendant-Appellee,
Paul S. Dalton and Sylvia Ann Dalton,
Defendants-Appellants.**

**No. 8217.**

Supreme Court of New Mexico.

July 24, 1967.

Bean & Snead, Roswell, for appellants.

Schauer & Stiff, Roswell, Attorneys for Appellee Bronx Savings Bank.

Jennings & Copple, Brian W. Copple, Roswell, for appellee J. Frank Conduff.

OPINION

CARMODY, Justice.

This was a suit to foreclose a mortgage. Defendant Conduff cross-claimed against the defendants Dalton on the Daltons' promise to assume the mortgage. The Daltons cross-claimed against Conduff for cancellation of the conveyance from Conduff to them on the ground of Mr. Dalton's infancy at the time of the conveyance. The trial court, sitting without a jury, determined the issues in favor of the plaintiff on its complaint, and in favor of the defendant Conduff on the cross-claims, holding that Dalton had ratified the conveyance, and the Daltons appeal.

On December 14, 1964, Conduff conveyed the property which is the subject matter of this litigation to the Daltons, at which time Dalton was under twenty-one years of age. Mr and Mrs. Dalton assumed and agreed to pay the mortgage to which the property was subject. Dalton became twenty-one years of age on June 13, 1965. Thereafter Dalton remained in possession of the property until sometime in September, 1965, making occasional weekly payments during that time. The Daltons made no offer to reconvey the property to Conduff until February 11, 1966, several weeks after this suit was filed.

In addition to the above facts, which are not challenged, the court made the following challenged findings of fact:

"6. Defendant Paul S. Dalton knew that any payment which he made upon the mortgage after becoming twenty-one years of age would be considered as a

ratification by him of his purchase of the property.

"7. Payments made upon the Mortgage by Defendant Paul S. Dalton after he became twenty-one years of age were made with the intention of ratifying his purchase of the property."

The court then concluded that Dalton had ratified the purchase of the property by making payments on the mortgage with the intention to ratify the purchase, knowing that such payments would be considered as a ratification, and exercising ownership over the property.

Appellants contend that the quoted findings and the conclusions flowing therefrom are without any support in the evidence, because there is no proof of ratification or intent to ratify on the part of Dalton. Interconnected with this point is the appellants' second point, that a mere partial payment after attainment of majority, without an express promise or intention to ratify, does not constitute a ratification of a contract made while such person was an infant.

■ There is no substantial evidence to support the findings regarding ratification. We see nothing to indicate that Dalton knew that his payments after June 13, 1965, such as they were, would be considered a ratification of his purchase of the property. Appellee's apparent contention that finding No. 6, supra, is supported by the presumption that all men know the law, is not well taken. The Illinois case cited for the proposition that the above presumption applies in a case such as this is Rubin v. Strandberg, 1919, 288 Ill. 64, 122 N.E. 808, 5 A.L.R. 133. We disagree with the reasoning expounded therein, and would, in addition, point out that a number of cases have indicated that the presumption that all men know the law, does not necessarily apply in cases such as this. See Lee v. Thompson, 1936, 124 Fla. 494, 168 So. 848;

Farnum v. O'Neill, 1931, 141 Misc. 555, 252 N.Y.S. 900; Annot. 5 A.L.R. 137. Nor is it shown that Dalton made any payments with the intention of ratifying the purchase. All that has been shown were five partial payments after attainment of majority, and even these payments were only a continuation of pre-majority authorized payroll deductions. The burden of showing a ratification is upon the one who asserts it. Adams v. Barcomb, 1966, 125 Vt. 380, 216 A.2d 648; Farnum v. O'Neill, supra. This burden has not been met.

■ "In general, a mere partial payment by a person, after coming of age, on a contract made by him during infancy, without an express promise or intention to ratify, does not constitute a ratification of the contract." Annot., 59 A.L.R. 281. See Hook v. Harmon Nat. Real Estate Corp., 1937, 251 App.Div. 722, 295 N.Y.S. 249; Hobbs v. Hinton Foundry, Machine & Plumbing Co., 1914, 74 W.Va. 443, 82 S.E. 267; International Text Book Co. v. Connelly, 1912, 206 N.Y. 188, 99 N.E. 722, 42 L.R.A., N.S., 1115; Rapid Transit Land Co. v. Sanford (Tex.Civ.App.1893), 24 S.W 587. Compare Harwell Motor Co. v. Cunningham, 1959, 47 Tenn.App. 253, 337 S.W.2d 765; Adams v. Barcomb, supra. See also Annot., 5 A.L.R.2d 7 and 1 Williston, Contracts, § 153, p. 646 (3d ed. 1957); 2 Williston, supra, §§ 234, 239, pp. 26, 49.

The acts of the former infant are not inconsistent with any other purpose than to ratify. Hobbs v. Hinton Foundry, etc., supra. The evidence of payment alone in this case fails to show the requisite intent to ratify. The judgment of the district court is reversed and the case remanded with direction to set aside the judgment and to enter a new judgment in conformity herewith. It is so ordered.

COMPTON, J., and HENSLEY, J., Court of Appeals, concur.