ROBERT C. LIGHT, Appellee, *vs.* WILLIAM S. REED, Appellant.

*Opinion filed June 18, 1908.*

1. EVIDENCE—*when the record of judgment is properly authenticated.* The record of a judgment of a foreign court is properly authenticated where it is certified by the clerk, under seal, to be a true and complete copy of the proceedings; bears a certificate of the presiding judge, under seal, that the clerk's certificate is in due form and that the clerk signing the same was at that time clerk of said court, and a certificate of the clerk, under seal, that the judge who signed the latter certificate was at that time the duly qualified and commissioned presiding judge of said court, according to the laws of the foreign State.

2. SAME—*certificate of clerk to record of judgment is presumed to be correct.* The certificate of the clerk of a foreign court, under seal of such court, certifying that the record is complete, must be presumed to be correct, and cannot be impeached by a mere infer-

ence that some portion of the transcript not shown to be a necessary part of the record is absent.

3. SAME—*when record shows valid judgment.* A properly certified copy of the record of a foreign judgment showing that the defendant appeared in the foreign court and there was a trial by jury and a verdict against him for a certain amount, followed by the recital of a formal judgment for the amount of the verdict and costs, shows a valid judgment, and as the record shows a personal appearance by the defendant, jurisdiction of the foreign court in the cause will be presumed.

4. APPEALS AND ERRORS—*when damages will be assessed for prosecuting appeal for delay.* Where the Appellate Court has correctly disposed of the issues raised by the appellant, and, being of the opinion the appeal was prosecuted for delay, has assessed damages, a further appeal to the Supreme Court can be regarded only as being prosecuted for delay and the Supreme Court will award damages under the statute.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

CHARLES F. DAVIES, for appellant.

PECKHAM, PACKARD, ApMADOC & WALSH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

On the fourth day of October, 1906, Robert C. Light brought an action of debt on a judgment recovered in the superior court of Marion county, Indiana, against William S. Reed for $20,000 damages and costs. The defendant pleaded *nil debet* and *nul tiel record,* and a special plea alleging that an appeal had been prosecuted to the Appellate Court of Indiana and that the same was still pending and undisposed of. The plaintiff below joined issue on the plea of *nil debet,* traversed the plea of *nul tiel record* and filed a replication to the special plea setting up the appeal.

The cause came on for hearing and by agreement a jury was waived and the issues were submitted to the court. The court found the issues for the plaintiff and found the debt to be $20,000 and $413.89 interest as damages. The judgment has been affirmed by the Appellate Court for the First District, and the defendant below has prosecuted a further appeal to this court.

Appellee introduced a certified copy of the Indiana judgment. The appellant offered no evidence and submitted no propositions of law. An objection was made to the record of the judgment when the same was offered in evidence, which was overruled. The ruling of the court in admitting the certified copy of the Indiana judgment in evidence presents the only question that is open for our consideration on this record.

The objection made to the transcript in the court below is in the following words: "Counsel for defendant objected to the introduction of the alleged instrument on the ground that it was incompetent and irrelevant, and on the further ground that no copy of it had been filed in said cause ten days before the first day of the present term of court as by statute required, and on the further ground that the said alleged instrument did not show any valid or binding judgment against the defendant, William S. Reed; that said instrument was not a true, full and complete copy of the record in the case in which said record was entitled; that the certificate thereto was informal and incomplete, and that said instrument was not a properly exemplified copy of any judgment against the defendant, Reed."

The record of the judgment was certified by the clerk of the court, under the seal of the court, to be a true and complete copy of the proceedings, with the certificate of the presiding judge, also under the seal of the court, that the certificate of the clerk was in due form of law, and that the clerk signing such certificate was, at the time of making and signing the same, clerk of the superior court of Marion

county, Indiana, and that his signature to the certificate was genuine; also a certificate of the clerk, under the seal of the court, that the judge who signed the aforesaid certificate was, at the time of signing the same, the duly qualified and commissioned presiding judge of the court according to the law of Indiana. The objections to the certificate cannot be sustained. The authentication is in strict accord with the requirements of the act of Congress and must be held sufficient. *Horner* v. *Spellman*, 78 Ill. 206.

The objection that the certificate is contradicted by the copy of the record filed cannot be sustained. The certificate of the clerk certifying that the record is complete must be presumed to be correct and cannot be impeached by a mere inference that some portion of the transcript not shown to be a necessary part of the record is absent. (23 Cyc. 1569.) It appears from the record introduced in evidence that the appellant appeared in the Indiana court and that there was a trial by jury and a verdict against appellant for $20,000, and the judgment of the court upon the verdict recites that "it is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant herein the sum of $20,000, together with his costs herein laid out and expended." This would seem to be all that is essential to show a valid judgment.

The objection made that it does not affirmatively appear on the face of the judgment that the superior court of Marion county, Indiana, had jurisdiction of the cause is likewise untenable. The presumption of the law is in favor of the jurisdiction. (*Rendleman* v. *Rendleman*, 118 Ill. 257.) A different rule may apply where there has been no personal appearance in the foreign court. Appellant did not offer any evidence whatever, as already suggested, in support of his special plea that there was an appeal pending and undisposed of from the Indiana judgment, although he filed an affidavit stating that he had a defense on the merits to the whole of appellee's cause of action.

Appellee insists that the appeal was taken merely for delay. The Appellate Court was of the opinion that the appeal to that court was taken for delay and awarded damages of one per cent of the face of the judgment, being $204.13. Upon that decision being rendered in the Appellate Court and an opinion filed which correctly disposed of all of the points raised by appellant, the further appeal to this court cannot be accounted for in any other reasonable way than that it was taken merely to delay and annoy the plaintiff. This is the fourth court in which appellee has been compelled to litigate to collect a debt when there is no valid defense to the claim. Section 23 of chapter 33 of Hurd's Revised Statutes of 1905 reads as follows: "In every such case, if the judgment or decree be affirmed in the whole, the party prosecuting such writ of error or appeal shall pay to the opposite party a sum not exceeding ten percentum of the amount of the judgment or decree so attempted to be reversed, at the discretion of the court, and in addition to the costs shall have judgment and execution therefor: *Provided,* the Supreme Court shall be of opinion that such appeal or writ of error was prosecuted for delay." Courts are not maintained for the purpose of enabling parties to annoy and harass others by numerous and groundless appeals. Such a practice should be discouraged, and the statute above quoted was passed by the legislature to enable this court to discourage such appeals by imposing a penalty where the court is of the opinion that an appeal or writ of error has been prosecuted merely for delay. This seems to be a proper case to apply the statute.

The judgment of the Appellate Court is affirmed, with two and one-half per cent damages. Judgment will be entered in this court for $510.34 damages and execution awarded therefor.          *Affirmed with damages.*