## The People of the State of Illinois, Appellee, v. Isaac Paul, Appellant.

### Gen. No. 14,117.

1. EVIDENCE—*effect of calling adverse party as witness.* A party who calls his adversary as a witness does not necessarily vouch for his credibility in all respects; he is not entitled to impeach him but he may contradict him by other witnesses and may prove a state of facts different from that sworn to by the witness in question.

2. PRACTICE—*how findings of master must be preserved for review.* In order to preserve for review the findings of the master in chancery exceptions thereto must be presented to the chancellor.

3. JUDGMENT—*when proof of, may be made without introduction of judgment roll.* An authenticated copy of a judgment may be

introduced to prove the existence of such a judgment. It is only where facts are sought to be proved, an estoppel or the like, that it is necessary to introduce the judgment roll.

Creditor's bill. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 6, 1908.

**Statement by the Court.** Appellee filed a creditor's bill against one Joseph Herman, his wife and the appellant, based on a judgment for one thousand dollars recovered against said Joseph Herman as surety on a recognizance entered into by him in the Criminal Court of Cook county in November, 1905, for the appearance of one Charles Gann. A forfeiture was had and judgment rendered in the Criminal Court. The bill alleges in substance that at the time of the forfeiture, November 13, 1905, said Herman was possessed of certain real estate, that on that day in order to avoid the claim of appellee on said recognizance he transferred the property in question to his brother-in-law, Isaac Paul, the appellant, and that said transfer was made in bad faith without consideration. The bill prays that the said conveyance may be decreed to be void and the property subjected to the satisfaction of the judgment recovered in the Criminal Court.

The report of the master finding in favor of appellee was approved by the chancellor and a decree entered accordingly, from which this appeal is prosecuted by Isaac Paul, to whom the property was trnsferred by Herman.

BLUM & BLUM, for appellant.

JOHN J. HEALY, State's Attorney, and CHARLES F. McKINLEY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that appellee

is bound by the testimony of the defendants whom it called as witnesses upon the hearing before the master. These witnesses were Joseph Herman, his wife Golda Herman, and Isaac Paul, his brother-in-law, to whom the property in controversy was transferred by the Hermans upon the same day on which the forfeiture of the recognizance occurred. The forfeiture was had by reason of the failure of Charles Gann, for whose appearance Joseph Herman had entered into the recognizance, to appear for trial in the Criminal Court. The said Herman upon entering into the recognizance scheduled the real estate now in controversy. The witnesses whose testimony it is claimed must be deemed conclusive against the complainants who called them, were all parties to the conveyance now in question. They stated that the appellant Paul paid $1,800 for the conveyance, and that no fraud was intended. Paul, who married Herman's sister, testified that in addition to the payment of the $1,800 he assumed a mortgage on the premises for $700. The testimony of Herman and his wife is to the same effect. Paul testifies that he paid the $1,800 in cash which he took from his safe, in which he says he always kept his money; that he did not deal with banks. He subsequently admits that he did have accounts with two different banks, and it appears that he got about $200 of the $1,800 he claims to have paid Herman out of one of these banks. His account with these banks shows no such draft. His statement is that he had previously talked with Herman about buying the property, but that Herman always wanted $200 or $300 more than Paul was willing to pay; that he had offered $2,500 for the property, which Herman had refused, and that suddenly Herman came to him and offered to take $2,500, upon which Paul took the deed and paid Herman the money without asking any questions. Herman's explanation is that he sold the real estate because he wanted to pay his debts and for that reason accepted $200 or $300 less than he had before

asked for the premises. His disposition of the alleged payment of $1,800, was as he states, first, that he paid a note of $800 of eight years' standing, which he at once tore up, that the note bore 6% interest and that he paid $30 a year interest on the $800 note, a rather remarkable computation of interest; second, that he paid his son $500 on an alleged indebtedness which had been running some years, but of which alleged debt no evidence is presented; third, that he gave $200 to his wife who was "short in dresses and everything," and yet according to his testimony was sometimes in the habit of loaning him ten or fifteen dollars, which she saved "from what she gets," although she has no income. The balance of the alleged $1,800 payment is not accounted for except that he says he had to pay taxes and also a plumber.

There is much that is peculiar in this testimony in other respects, which we deem it unnecessary to refer to. The master's report sets it out at length and clearly points out its inconsistencies, not to say absurdities. Although the defendants testify that the conveyance was made in good faith and the consideration actually paid, there is evidence inconsistent with such testimony. Aside from the coincidence that the conveyance was made in immediate connection with the forfeiture of the grantor's bond, it appears among other evidence that Herman after the transfer collected the rent from the tenant of the premises for one month and attempted to collect the rent for the succeeding month. The master finds "an absolutely clear case of a fraudulent conveyance," and we are of opinion the evidence justifies his conclusion. Appellant's counsel, however, insist that they are under no necessity of presenting "the facts of the case at length," because it is urged, the complainants "having placed their adversaries upon the stand, are bound to accept their testimony—not merely the part which pleases them, but the other part as well, especially in the absence of all contradiction by other witnesses," and are

therefore concluded by the statements of Herman and
Paul that the transaction was made in good faith and
the consideration actually paid. In support of this
contention we are referred to Sawyer v. Moyer, 109
Ill. 463, and Bowman v. Ash, 143 Ill. 649. It is admit-
ted that it is difficult to reconcile these cases with Pod-
olski v. Stone, 186 Ill. 542; but it is said the two
former cases are cited with approval in Am. H. & D.
Co. v. Hall, 208 Ill. 600, which itself is cited in C. C.
Ry. Co. v. Gregory, 221 Ill. 597. It is urged also that
Paul's testimony that he had no knowledge of fraudu-
lent intent on the part of Herman, his grantor, brings
Paul "within the protection of section 5, chapter 59
R. S., since it is said his testimony conclusively shows
that Paul had no notice of the fraudulent intent of his
immediate grantor or of the fraud rendering void the
title of said grantor." We are of opinion, however,
that unlike Sawyer v. Moyer and Bowman v. Ash,
there is in this record evidence that "sufficiently over-
comes" the testimony of the defendants. We do not
understand that by putting an adversary, nor indeed
any witness, upon the witness stand a party thereby
necessarily vouches for his credibility in all respects.
A party may not impeach a witness whom he volun-
tarily calls, but he may contradict him by other wit-
nesses and may prove "a state of facts differing from
that sworn to by the witness in question." Chi. City
Ry. Co. v. Gregory, 221 Ill. 597. See Wigmore on Evi-
dence, vol. 2, sec. 896, et seq., especially sec. 916, for a
discussion of the subject. We are of opinion the com-
plainant is not concluded by the testimony of the de-
fendants in the case at bar. Evidence of fraud is not
usually to be sought in the testimony of those accused
of perpetrating it, but as said in Bowden v. Bowden,
75 Ill. 143, in "facts and circumstances strong enough
to justify the jury in inferring fraudulent intent." In
Treadwell v. McEwen, 123 Ill. 253, it is said that
"fraud may be shown by facts and circumstances from
which it may be inferred." In Mitchell v. Sawyer, 115

Ill. 650, the court says: "It is much pressed before us that as the evidence upon which complainant's case depends comes from the evidence the defendants themselves who were witnesses introduced by the complainants, the latter are bound by the testimony of their own witnesses, by what they said in favor of the conveyance as being for good consideration and in good faith; that they may not accept a part and reject the rest of their testimony. A party may not discredit his own witness by direct impeaching testimony, but we are aware of no rule by which one is bound by any testimony his own witness may give." The statement by a witness that a transaction was upon good consideration and all in good faith is but a conclusion and what he may deem honest and fair, the law may pronounce fraudulent as to creditors; and such statement is of little weight as against facts and circumstances which show the contrary." In Podolski v. Stone, 186 Ill. 540, a case very much in point, the "distinction between the weight to be given to the testimony of a disinterested witness and that of a litigant party to the record" is pointed out. We are unable to concur in appellant's contention that the testimony of the defendants is conclusive in his favor because they were called to testify at the instance of the complainants.

It is further contended in behalf of appellant that the judgment was rendered without jurisdiction of the defendant Herman. The complainants introduced in evidence a certified copy of a judgment rendered in the Criminal Court of Cook county against the defendant Herman. It was objected to on the ground that it was not a complete judgment roll, and was insufficient; that it was necessary to show specifically that the judgment was based upon service on the defendant, for what the principal was indicted and before what court the recognizance was entered into. It appears, however, that no objection of this character to the master's findings was made or preserved by exceptions to the report presented before the chancellor. The proper

practice in this respect is pointed out in Hurd v. Goodrich, 59 Ill. 450-455. See also Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279-284, where it is said, "the master's report must be held conclusive of all questions covered by it and not excepted to." See also Kinsella v. Cahn, 85 Ill. App. 382.

The authenticated copy of the judgment was introduced in evidence to prove the existence of such judgment and was sufficient for that purpose as held by this court in Chamberlain v. Britton, 136 Ill. App. 290. It is where facts are sought to be proved, an estoppel or the like, that it is necessary to introduce the judgment roll. The opinion of the Supreme Court in that case affirming the judgment of this court is reported in 234 Ill. 246.

Finding no material error in the decree of the Superior Court, it will be affirmed.

*Affirmed.*