## Alexander S. Joslin, Appellee, v. Ella G. Hull Fuller, Appellant.

## Gen. No. 15,927.

1. JUDGMENTS—*when authentication as to existence in compliance with federal statute.* The fact that a judgment was entered and that there is a record thereof if shown by the authentication, is a compliance with the federal statute.

2. JUDGMENTS—*when authentication in compliance with federal statute. Held,* that the judgment sued upon in this case was authenticated in accordance with the federal statute, it appearing that the certifying clerk had custody of the seal and records of the court entering the judgment and that such clerk was the official clerk of the court entering the judgment in question.

3. JUDGMENTS—*what not valid objection to transcript of sister state.* The absence of the placita is not a valid objection to the introduction of the transcript purporting to show a judgment of a sister state.

4. JUDGMENTS—*what objections not available upon introduction of transcript of sister state.* If the transcript of the judgment of a sister state is duly certified under the acts of Congress, objections which do not go to the question of jurisdiction are unavailing.

Action of debt. Appeal from the Superior Court of Cook county; the HON. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 14, 1911.

SAMUEL H. TRUDE, for appellant.

GARNETT & GARNETT, for appellee; EUGENE H. GARNETT, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Judgment was had in this case in an action of debt on a judgment alleged to have been entered in the Sixty-first Judicial District Court of Harris County, Texas, on March 17, 1908.

The objections raised to the first transcript of record at the trial were, "That there is no *placita* appearing on the face of the record; that there is no good judgment as stated in the declaration; that it is not properly authenticated by the clerk or judge; that the judgment is informal and insufficient."

From this transcript it would appear that the plaintiff, who is the appellee here, obtained a judgment against the defendant, the appellant here, in the sum of $4,284.70. It also shows that an execution was issued on said judgment, which resulted in the sale of certain property for the sum of $500, the amount obtained on which sale, less the sum of $113.80, being the sheriff's costs and fees, having been credited upon the judgment.

There was also received in evidence a supplemental

transcript showing a second partial satisfaction of the judgment. The same objections were raised to the introduction of this transcript as to the introduction of the first transcript.

It is insisted by the appellee that these objections, for the most part at least, were of such a general character that they should not be considered. Calumet Dock Co. v. Morawetz, 195 Ill. 398.

It appears from the record that the court below, upon complaint of appellant's counsel at the trial that he had not had sufficient time to examine the transcripts, permitted the introduction of them, at the same time stating that he would give the appellant an opportunity to amplify his objections and would hear argument upon them later. This was not done except on the motion for a new trial, when the objections were set out with somewhat more particularity, and we have considered them in their amplified form. These objections are that neither of the transcripts purported to be a true copy of the alleged judgment and proceedings, but only copies of the minutes or memoranda in the cause; that said transcripts were not properly authenticated by the clerk and judge of said District Court of the Sixty-first Judicial District of Harris County, Texas, and in accordance with the Act of Congress in that said Henry Albrecht did not certify in his certificate dated October 15, 1908, that he is the clerk of the District Court of the Sixty-first Judicial District of Harris County, Texas; that neither of said transcripts contains a *placita;* that a plea of *nul tiel* record having been filed, the court erred in admitting the transcripts over the objection of the defendant, because the transcripts did not purport to contain the full records and proceedings in the District Court of the Sixty-first Judicial District aforesaid, but only portions of the same; that neither of said transcripts showed or tended to show that the District Court aforesaid had jurisdic-

tion of the person of the defendant, first, because said transcripts did not show the organization of the court, the term of said court or the judge who presided at the trial, or that the said judge who heard and entered the judgment was the same judge who certified to the transcript; second, that the transcripts only tended to show a portion of the records of the court; third, because the transcripts did not show the name of the defendant in the title of said cause. It is further contended that there was a fatal variance between the transcripts and the declaration; that neither of the said transcripts showed that the said judgment was entered during the March term, 1908.

Section 905 of the Federal Statutes provides:

"* * * The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the Courts of the State from which they are taken."

Section 13 of Chapter 51 of Revised Statutes of Illinois reads as follows:

"The papers, entries and records of courts may be proved by a copy thereof certified under the hand of the clerk of the court having the custody thereof, and the seal of the court, or by the judge of the court if there be no clerk."

The transcripts before us are headed, after the title of the cause, "In the District Court of Harris County, Texas, Sixty-first Judicial District."

The certificate of the clerk begins as follows: "I,

Henry Albrecht, clerk of the District Court of Harris County, Texas, having by law the custody of the seal and all the records, books, documents and papers of or appertaining to said court, do hereby certify," etc.

The certificate of the judge begins, "I, Norman G. Kittrell, judge of the District Court of the Sixty-first Judicial District, in and for Harris County, Texas, do hereby certify that said court is a court of record having a seal, and that Henry Albrecht is the duly elected, qualified and acting clerk of said court," etc.

Then follows the certificate of the clerk certifying that "the Honorable Norman G. Kittrell, whose genuine signature appears to the foregoing certificate, was at the time of signing the same, the judge of said District Court in and for the Sixty-first Judicial District, Harris County, Texas," etc.

The first objection urged by the appellant to the sufficiency of the transcripts is that they purported to be copies of minutes or memoranda in the cause, and not a true copy of the judgment or proceedings. It is true the transcripts contained much more than was needed to show that a judgment had been entered. People v. Paul, 143 Ill. App. 566. The transcripts show that the copy of the judgment was taken from a judgment record, giving the volume and page in which the same was to be found. Whether the book in which the record was made is called a minute book or has some other designation does not seem to us to be important. The fact that a judgment was entered and that there is a record of that judgment is sufficient, in our opinion, to comply with the Federal statute, as well as with section 13 of chapter 51 above set forth.

We think also that the authentication is sufficient. Section 13 requires that the record be certified under the hand of the clerk of the court having the custody thereof. The certificate before us shows that the clerk had custody of the seal and records of the court, and

it also includes this language: "And also a true and correct copy of judgment rendered in said cause in the Sixty-first District Court of Harris County, Texas, on March 17, 1908, as the same appears of record in my office in the minutes of said court, in Vol. 5, page 371."

The judge of the District Court of the Sixty-first Judicial District certifies that Henry Albrecht is the clerk of the court for the Sixty-first Judicial District.

The next objection raised is that neither of the transcripts contains a *placita*. In the case of McMillan v. Lovejoy, 115 Ill. 498, it was held that in an action upon a judgment of another state it is not a valid objection to the transcript that it shows no *placita*. This case also is authority for the proposition that when the transcript of a judgment duly certified under the act of Congress is offered in evidence in another state than that in which the judgment is entered no questions are open to inquiry except those of jurisdiction.

The next point urged is that the transcripts are insufficient in that they do not show the organization of the court, the term of said court, or the judge who presided at the trial, or that the said judge who heard and entered the judgment was the same judge who certified to the transcripts; that the transcripts only tended to show a portion of the records of the court, and do not show the name of the defendant in the title of said cause.

In the case of Light v. Reed, 234 Ill. 626, it was held:

"The certificate of the clerk certifying that the record is complete must be presumed to be correct, and cannot be impeached by a mere inference that some portion of the transcript not shown to be a necessary part of the record is absent."

In the same case the following language is used:

"It appears from the record introduced in evidence that the appellant appeared in the Indiana Court and

that there was a trial by jury and a verdict against the appellant for $20,000, and the judgment of the court upon the verdict recites that 'it is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant herein the sum of $20,000, together with his costs herein laid out and expended'. This would seem to be all that is essential to show a valid judgment.''

While the objections to the transcripts should have been made at the trial, so that appellee might be given an opportunity to obviate the objections by proof (Calumet, etc., Dock Co. v. Morawetz, *supra*), the appellant did not show in her motion sufficient grounds in our opinion to entitle her to a new trial.

We have carefully considered all the points raised in the briefs and argument of appellant, and find no error in the record such as would justify a reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*