5 Ill.2d 328 (1955)
125 N.E.2d 463
DIXON NATIONAL BANK OF DIXON, ILLINOIS, Appellant,
v.
FRANK NEAL et al.  (LOUIL F. NEAL, Appellee.)
No. 33450.
Supreme Court of Illinois.
Opinion filed March 24, 1955.
*329 DIXON, DEVINE & RAY, of Dixon, (SHERWOOD DIXON, GEORGE K. RAY, and LUKE R. MORIN, of counsel,) for appellant.
WELSH & WELSH, and JOHN T. HOLMSTROM, JR., both of Rockford, for appellee.
Decree affirmed.
Mr. JUSTICE DAILY delivered the opinion of the court:
Appellee, Louil F. Neal, was permitted to intervene in a suit filed in the circuit court of Winnebago County to partition a residence property located in South Beloit, Illinois, title to which was vested in Laura Barr Neal, who *330 had died intestate, and Frank Neal, her common-law husband, as tenants in common. By his pleadings, appellee alleged that he was the adopted son and heir of the decedent or, in the alternative, that he was entitled to specific performance of an oral contract for adoption entered into by his natural parents with Frank and Laura Neal. At the hearing of the cause before the chancellor appellee introduced evidence intended to establish the existence of the oral contract and, in proof of the adoption, was permitted to introduce over objection, duly attested and certified copies of a petition to adopt him, together with an amendment thereto, and an order of adoption entered by the county court of Rock County, Wisconsin. After receiving the evidence of both parties, the chancellor entered a decree which included the following finding:
"2. The adoption of Louil Frank Cole by Laura Barr Neal and Frank Neal on May 7, 1932, which was carried out pursuant to an agreement or contract so to do, entered into in July, 1931, by and between Laura Barr Neal, Frank Neal, Mary Elizabeth Cole and Frank Barr, for valuable consideration, was a valid and lawful adoption not subject to collateral attack in this proceeding: Louil F. Neal was taken into the home of Laura Barr Neal and Frank Neal at birth, was raised and treated by her as her son, and was entitled to the share of an heir-at-law in the property of which she died seized and possessed."
On the basis of this and other findings, the court found that Frank Neal had an undivided one-half interest in the premises and that appellee and Shirley Jeanne Barr, the latter a minor granddaughter of the deceased, each had an undivided one-fourth interest. Partition was decreed according to such interests and, a freehold being involved, the guardian of Shirley Jeanne Barr has appealed directly to this court for a review of so much of the decree as holds that there was a valid and lawful adoption and a contract to adopt.
*331 The first contentions made by appellant in this court are that the trial court erred in admitting the transcripts of the petition and order of adoption in evidence, and that the order of the Wisconsin court is void for lack of jurisdiction of the parties, thus obviating the need of affording it full faith and credit. Appellee has not controverted or discussed these contentions of appellant nor shall we, for in the view we take, a determination of the validity of the adoption proceedings is unnecessary to our decision in the case. The questions remaining before us, therefore, concern only the sufficiency and quality of the proof offered by appellee to meet his burden of establishing the oral contract, and the validity of such contract.
By numerous decisions of this court, the most recent of which is Weiss v. Beck, 1 Ill.2d 420, it has become the settled rule of law that to be entitled to a decree for specific performance of a contract for adoption it is necessary that the contract be proved as alleged by evidence that is clear and convincing. To this end, as pointed out in the Weiss case, there have been only three cases in this jurisdiction where the existence of a contract to adopt has been decreed, namely, Lee v. Bermingham, 199 Ill. App. 497; Winkelmann v. Winkelmann, 345 Ill. 566, and Soelzer v. Soelzer, 382 Ill. 393. In each the proof included either a written memorandum of the alleged agreement to adopt, or the positive testimony of a surviving witness who was present and heard the making of the agreement to adopt.
Also having application to cases of this nature is the principle that a court of equity will not decree the specific performance of a contract, the existence of which depends upon parol testimony, unless the proof is clear and conclusive of its existence and terms. (Kramer v. Cooper, 347 Ill. 293; Mould v. Rohm, 274 Ill. 547.) It is likewise true that courts of equity accept with caution evidence offered in support of a contract to make disposition of the property of a decedent different from that provided *332 by law and weigh such evidence scrupulously. Hutton v. Busaytis, 326 Ill. 453; Davier v. Kaiser, 280 Ill. 334.
The facts to be viewed in the present case in light of the principles enumerated are these: Appellee was born to Mary Cole, a seventeen-year-old resident of Beloit, Wisconsin, on October 17, 1931. The birth certificate recites that the father was unknown but on said date Frank Barr, a son of decedent Laura Barr Neal, stood charged with bastardy charges that had been filed by Mary Cole, on July 11, 1931, in the municipal court of the city of Beloit. On October 30, 1931, Laura Barr, describing herself as a widow and expressly stating that she was an inhabitant of the city of South Beloit, Winnebago County, Illinois, petitioned the county court of Rock County, Wisconsin, to adopt the child of Mary Cole. An amendment later filed recited that Laura Barr had married Frank Neal subsequent to the filing of the petition; that Frank Neal desired to join in the petition with his wife, and prayed that the name of the child be changed to Louil Frank Neal. It perhaps should be injected at this time, that it developed during this partition proceeding that Frank Neal and Laura Barr were not in fact lawfully married. There is, however, some intimation in one of the pleadings, of which we find no proof, that a marriage had been performed in Iowa but was invalid because it was entered into before a Wisconsin divorce decree involving Laura Barr had become final. On May 7, 1932, the county court entered an order which recited that the petitioners were residents of the city of Beloit, Rock County, Wisconsin, and granted the petition for adoption and for the change of the child's name. During the pendency of the adoption proceeding, the bastardy charge against Frank Barr had been continued, but on June 1, 1932, the cause was dismissed, a docket entry of the municipal court reflecting that it was "satisfied in the premises" upon presentation of the adoption order of the probate court. There appears to be no dispute *333 that appellee was taken by Laura Barr Neal to her home and was provided for by her from the time he was two weeks old until her death in June, 1953.
W.H. Arnold, an attorney from Beloit, Wisconsin, who had represented the Neals in the adoption proceeding and Frank Barr in the bastardy proceeding, appeared as a witness for the appellee. He testified that as the result of conferences and negotiations with the district attorney, Laura Barr, Frank Neal, Mary Cole, the latter's aunt with whom he lived, and Frank Barr, an agreement was made that if Laura Barr would adopt the child of Mary Cole when it was born, the bastardy charges would be dismissed. On cross-examination the witness stated that the agreement was made for the dual purpose of getting Frank Barr out of jail and from under the charges, and to provide a home for the child. He revealed that the final agreement had been reached at a conference attended by the court, the district attorney, the aunt or foster-mother of Mary Cole, Frank Barr and Laura Barr Neal and further verified that as soon as the adoption proceedings had been accomplished, the charges against Frank Barr were dismissed.
Another witness called by appelle was Ann Gilliam, a sister of Laura Barr Neal and the administratix of her estate. This witness described the relationship between her sister and appellee as that of Godmother and Godchild, but stated that her sister always called appellee "son" and had furnished him with food, shelter and clothing from the time he was born until the date of her death. Additionally, she testified that her sister told her of Frank Barr's difficulty with Mary Cole, and had stated that she and Frank Neal had mutually agreed with the young people to adopt appellee. Appellant attacks the credibility of this witness by pointing to the fact that in her petition for letters of administration she represented to the court that Shirley Jeanne Barr was the sole and only heir of Laura B. Neal and made no mention of appellee, while expressly stating *334 that the decedent left no child surviving her. In view of the confusion as to appellee's status that is reflected in the multiple pleadings of all parties to the present proceeding, we would be reluctant to hold either that the statements in the petition were conclusive on the witness or that reference to appellee in the estate proceedings was knowingly or intentionally omitted.
A third witness to testify for appellee was Mary Jane Penson, the aunt with whom Mary Cole resided when appellee was born. The most which can be gained from her testimony, which was punctuated by frequent objection and colloquy of court and counsel, is that Laura Neal raised appellee and called him "son," that the witness knew Laura and Frank Neal had adopted appellee in the Wisconsin court, and that criminal proceedings against Frank Barr had been dismissed as a result of the adoption. A direct question to this witness as to whether she remembered the conference where the agreement to adopt was made went unanswered when it was lost in a discussion of court and counsel which followed.
Thus we have, in this case, direct evidence of at least one witness who was present and heard the making of the agreement to adopt and the testimony of others that the agreement was acknowledged by Laura Barr Neal both by verbal admission and performance. Appellant argues that the evidence, at best, shows only that Laura agreed to make a home for the child. We think that such a contention must fail particularly when the direct evidence of the contract is coupled with the documentary evidence which shows that Laura and Frank Neal did in fact go through the legal process of adopting appellee. Whether the Wisconsin county court had jurisdiction or not, and we do not pass on such question, the proceedings tend to corroborate the existence of the agreement to adopt. In fact, we note that in some jurisdictions an invalid adoption proceeding has been enforced as a valid contract to adopt. (See: *335 1 Am. Jur. Adoption of Children, sec. 22; 27 A.L.R. 1357.) Also strongly corroborative of the contract to adopt is the documentary evidence relating to the criminal charge against Frank Barr which shows that the dismissal of those charges was predicated upon the court's satisfaction that the Neals had adopted appellee. Although the documentary evidence taken from the records of the Wisconsin courts was authenticated in the manner provided in section 55 of the Evidence Act, (Ill. Rev. Stat. 1953, chap. 51, par. 55,) appellant urges that it was error to admit such evidence, the basis for the contention being that the complete records of the adoption and bastardy proceedings should have been presented for them to be admissible in evidence. While it may be agreed that some question may arise as to the sufficiency of the fragmentary portions presented to serve as complete proof of the records and judgments in each cause, it is apparent that the records presented do show the fact that judgment orders were entered and that there is a record of such judgments. Portions of a record disclosing such limited information, and properly authenticated, have been held to satisfy the requirements of section 55 of the Evidence Act of this State and to comply with the provisions of the Federal statute that records so authenticated are entitled to full faith and credit, thus making them admissible in evidence. (Britton v. Chamberlain, 234 Ill. 246; Joslin v. Fuller, 166 Ill. App. 43.) The court, in the present case, did not err in admitting the properly authenticated records of the Wisconsin courts.
On consideration of the entire record of this cause, we conclude that there is sufficient direct evidence to establish clearly and positively that an agreement to adopt was entered into between the Neals and the parents of appellee, and that it would be inequitable to allow it to remain unenforced. The terms of the agreement are reasonable and clear and the later conduct of all the parties is referable solely to the contract. This is particularly true of the *336 action of the Neals in prosecuting to completion legal proceedings to adopt appellee, and thereafter treating the adoption as complete, and of the action of appellee's mother in abandoning her criminal charge against Frank Barr. Under the circumstances presented, we hold that appellee was entitled to specific performance of the adoption agreement.
Appellant advances the further argument that the contract was void, first, because Mary Cole, being a minor, was incompetent to contract and, second, because it was not based on sufficient consideration. With regard to the latter claim, it is set forth in Winkelmann v. Winkelmann, 345 Ill. 566, 574, that the surrender of a child by a natural parent is itself a valuable consideration sufficient to support a contract to adopt. (See also: 1 Am. Jur. Adoption of Children, sec. 19; 2 C.J.S. Adoption of Children, sec. 26a(1).) Another element of consideration flowing to the parties on both sides of the agreement in this case, and which further supports the contract, was the dismissal of the criminal charges against Frank Barr, the son of one of the adoptive parents and the putative father of the child.
Nor is there merit to the contention that the contract was void because Mary Cole, a party thereto, was a minor. It is well established that contracts of minors which inure to their benefit are not void, but voidable only at the election of the minor on arrival at maturity. (Shepherd v. Shepherd, 408 Ill. 364; Wuller v. Chuse Grocery Co. 241 Ill. 398; Keil v. Healey, 84 Ill. 104.) A minor may disaffirm a contract made by him during minority within a reasonable time after reaching his majority or, he may by acts recognizing the contract after becoming of legal age, ratify it. (Rubin v. Strandberg, 288 Ill. 64.) Similarly it is held that an executed contract voidable on the ground of infancy is deemed to be ratified by the failure of the former infant to disaffirm it within a reasonable time after reaching majority. (27 Am. Jur., Infants, sec. 82; Wright v. Buchanan, 287 Ill. 468; Tunison v. Chamblin, *337 88 Ill. 378.) In the present case, the only reasonable intendment from the record is that the mother of appellee, upon attaining legal age, looked on the adoption contract as complete and binding and did nothing by way of word or deed to disaffirm it. By her inaction, she has ratified the contract.
For the reasons stated, the decree entered in this cause by the circuit court of Winnebago county is affirmed.
Decree affirmed.