FIRST NATIONAL BANK OF BELLEVILLE, subrogee of JACK BECKNER *et al.*, Plaintiff-Appellee, *v.* JIM HEATHERLY, d/b/a SWANSEA GENERAL CONTRACTING, Defendant-Appellant.

(No. 72-137; )

Fifth District—December 28, 1972.

Sam S. Pessin, of Belleville, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This action was brought by the First National Bank of Belleville to recover monies that it paid to the defendant, Jim Heatherly. The plaintiff obtained judgment at the trial court and from that judgment the defendant has appealed.

The facts giving rise to this action are thus: Jack and Judith Beckner, as drawers, delivered a check in the amount of $602 to the defendant as payee of the instrument. The plaintiff was the drawee of the negotiable instrument. The Beckners ordered the plaintiff to "stop payment" of the check which the plaintiff failed to so do. The plaintiff paid the check to the defendant upon his endorsement and presentment.

For its failure to honor the "stop payment" order, the Beckners sued

the plaintiff and recovered from the present plaintiff after obtaining judgment in the amount of $602 plus costs of $12.50.

As Subrogee of the Beckners, pursuant to Ill. Rev. Stat., Chap. 26, sec. 4—407, the plaintiff brought this action in the small claims division of the circuit court of the Twentieth Judicial Circuit, St. Clair County, Illinois. There is no verbatim transcript of the evidence presented in the trial court. Proposed reports of the proceedings were filed pursuant to Ill. Rev. Stat., Chap. 110A, sec. 323(c), by the plaintiffs' and defendant's attorneys, and by the trial court. No evidence was presented by the defendant who appeared *pro se,* at the trial. The plaintiff's evidence consisted solely of the above stated facts and plaintiff obtained judgment on October 14, 1971. The defendant filed a post-trial motion to set aside the judgment as being contrary to law and against the manifest weight of the evidence, which was heard and denied by the trial court on January 28, 1972.

The defendant contends that judgment in favor of the plaintiff is error without any evidence of any defense of the Beckners as to the payment to the defendant.

The plaintiff-appellee has not filed a brief in this appeal. We could, therefore, reverse on that basis alone.

■■ However, our attention has been directed to Ill. Rev. Stat., Chap. 26, sec. 4—407, and the Uniform Commercial Code comment in Smith-Hurd Annotated which states in part:

> "Subsection (c) subrogates the bank to the right of the drawer or maker against the payee or other holder with respect to the transaction out of which the item arose. If for example, the payee was a fraudulent salesman inducing the drawer to issue his check for defective securities, and the bank pays the check over a stop order but reimburses the drawee for such payment, the bank *should have a basis* for getting the money back from the fraudulent salesman." (Emphasis ours.)

The doctrine of subrogation in Illinois is broad in its scope and is applied to "include every instance in which one person not acting as a mere volunteer or intruder pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter." (*Remsen v. Midway Liquors, Inc.,* 30 Ill.App.2d 132, 147 N.E.2d 7.) The subrogee bank stands in the shoes of the subrogors Beckners. (*Remsen v. Midway Liquors, Inc., supra; Standard Industries v. Thompson,* 19 Ill.App.2d 319, 152 N.E.2d 500.) To apply the above to the facts of this case requires that we hold that the bank must prove that the Beckners would have been entitled to recover from Heatherly had

the check been paid or, conversely, had the check not been paid, that the Beckners would have had a valid defense to a claim by Heatherly. There is not sufficient evidence in the record to support a judgment for the plaintiff.

The judgment of the trial court is reversed.

Judgment reversed.

G. MORAN and JONES, JJ., concur.