MARY YETSKY, Plaintiff-Appellee, v. ALLAN L. DUNTEMAN, JR., *et al.*, Defendants-Appellees (The Village of Addison, Intervenor and Plaintiff-Appellant).

First District (5th Division)   No. 1—90—3380

Opinion filed June 21, 1991.

Stuart D. Gordon, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellant.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Thomas A. Demetrio, and Robert J. Bingle, of counsel), for appellee Mary Yetsky.

Keevers & Hittle, of Chicago (Richard M. Hittle, of counsel), for appellees Allan L. Dunteman, Jr., and R.W. Dunteman Company.

JUSTICE MURRAY delivered the opinion of the court:

The Village of Addison (Village) appeals from an order of the circuit court of Cook County denying its petition to intervene in the action brought by Mary Yetsky (Yetsky), plaintiff, against Allan L. Dunteman (Dunteman) and the R.W. Dunteman Company (Company), defendants. The order was made final and appealable by the inclusion of the necessary language set forth in Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

The facts are undisputed. On December 16, 1988, Yetsky filed a complaint against Dunteman and Company, seeking to recover for damages she incurred as a result of a September 12, 1988, automobile accident, wherein she had been struck by a truck that was owned by the Company and operated by Dunteman.

At the time of the accident, Yetsky was an employee of the Village of Addison, which provided her with medical expense coverage as a benefit of her employment. In accordance with the Village's group health care plan, the Village itself was responsible to pay up to $50,000 annually of an employee's medical expense claims. Medical costs in excess of $50,000 were to be paid by Provident Life and Accident Company (Provident), pursuant to a contract entered into with the Village of Addison.

On June 15, 1990, the Village and Provident petitioned the trial court to intervene in Yetsky's lawsuit against Dunteman and Company, pursuant to sections 2—408(a)(2) and (b)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—408(a), (b)), claiming that they had an interest in the pending litigation based on their right of subrogation. The petitions were objected to by plaintiff and defendants alike, and on October 30, 1990, the trial court entered an order denying the petitions to intervene. Only the Village has appealed from this order.

On appeal the Village contends that the trial court abused its discretion in denying the petition to intervene. Recognizing that its right to intervene in Yetsky's cause of action is dependent upon its right to subrogation, the only issue raised by the Village on appeal is whether it has a right to subrogation. Although a copy of the Village's group health insurance plan was not made a part of the record, it appears that the right of subrogation was not included in the Village's health plan and, consequently, the Village is not basing its claim of right to subrogation on a contractual right, but on a common law or equitable right.

Dunteman and Company respond by arguing that the order denying the petition to intervene fails to reveal the basis for the denial, but that the record shows that the Village's affidavits, filed with its petition, were defective and did not set forth its right to subrogation as required by the statute. (Ill. Rev. Stat. 1989, ch. 110, par. 2—403(c).) Therefore, they contend that the trial court's denial of the Village's petition to intervene was a proper exercise of its judicial discretion. Yetsky argues that the Village has no common law right of subrogation in this case because it, in effect, "volunteered" to provide medical coverage to Yetsky and failed to reserve the right of subrogation. For this reason they believe the petition to intervene was properly denied. Both of these arguments have merit and, therefore, we affirm the trial court's order.

In a factually similar case, *Schultz v. Gotlund* (1990), 138 Ill. 2d 171, 561 N.E.2d 652, our supreme court noted that there are two broad categories of subrogation rights: (1) contractual or conventional rights, and (2) common law or equitable rights. It then went on to hold that, although equitable subrogation rights have been implied where necessary to avoid an unfair result, such a right has not been recognized in the area of personal insurance. Thus, it ruled that, absent a subrogation provision in the policy of insurance, an insurance carrier was not entitled to share in the settle-

ment or proceeds that its insured recovered from a third-party tort-feasor.

The Village attempts to distinguish the *Schultz* case by asserting that it is not an insurance carrier, but rather a public employer providing medical coverage through a group health insurance plan. However, we fail to see that the difference creates a distinction sufficient to allow the Village to assert an implied right of subrogation. The Village is, in effect, the insurer for the medical expenses of its employees up to the amount of $50,000 per year, while Provident is the insurer of the remainder. Had the Village included a subrogation clause in its medical coverage contract with its employees, it would have had a recognizable contractual right to subrogation for any medical expenses it paid for Yetsky. Absent such a provision, however, we do not believe that the right may be implied.

The Village relies heavily on the case *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540, but its reliance is misdirected. That case involved an employer's right to subrogation for workmen's compensation expenses paid. In such instances an employer has an obligation under the law to provide compensation. This is not the case here, where an employer has no statutory duty to provide medical coverage. Thus, an employer may be deemed to have "volunteered" such a benefit and a common law right to subrogation will not be implied. See *Bost v. Paulson's Enterprises, Inc.* (1976), 36 Ill. App. 3d 135, 139, 343 N.E.2d 168.

Because we find that the Village was not entitled to subrogation, we find that the trial court's order denying the Village's right to intervene was proper and not an abuse of discretion. Accordingly, we affirm.

Affirmed.

LORENZ, P.J., and McNULTY, J., concur.